ABEL EDGELL *vs.* SAMUEL AND CURTIS STANFORD.

In *ejectment*, when the plaintiff's title is a mortgage deed, given to secure the payment of a note, he must produce the note on trial.

If the note, when produced, varies from the one described in the mortgage deed, parol testimony is not admissible to show, that the note produced is the one intended to have been described, but was varied by mistake.

The remedy in such a case should be in chancery.

This was an action of *ejectment*, brought up from the county court on a bill of exceptions, taken and allowed, to certain decisions made on the trial. By these exceptions, it appears, the cause went to the jury upon the *general issue* ; and, that the plaintiff proved the defendants in possession of the premises at the time the action was commenced, and also produced and read to the jury, without objection, a mortgage deed of the premises, given him by one of the defendants to secure the payment of a note of $440. The defendants objected, that the plaintiff could not recover, or even put them upon their defence, without first producing the note described in the mortgage deed. The court allowed this objection as valid. The plaintiff then produced a note agreeing with that described in the mortgage, except that the sum was $449 instead of $440. He then offered parol testimony to show that the note produced was the one intended to have been described in the mortgage deed ; and that the variance was merely through the mistake of the person who wrote the deed. The defendant objected to the admission of this parol testimony ; and the same was rejected by the court. And the court instructed the jury, that there was no evidence in the case for them to weigh, and directed them to return a verdict for the defendants ; which they did accordingly.

The cause was argued on these exceptions before this Court.

*Fletcher, for the plaintiff*, contended, That the production of the mortgage deed, and proof that the defendants were in possession, entitled him to a verdict ; because the deed vested an absolute *seizin* of the premises in the mortgagee ; and, as to the defendants, they were disseizors, and the plaintiff was entitled to the possession ; for the legal estate was in him ; and this estate was absolute in law : and cited 2 *Sw. Dig.* 163, 164, 169, 170 ; also 4 *Kent's Com.* 130, 132, 134, 148, 158 ; also 2 *Greenl. Rep.* 137, and 2 *Mass. Rep.* 495.

*Samuel Stanford*, the mortgagor, is estopped by his own deed from disputing the plaintiff's title, or saying that he did not exe-

CALEDONIA,
March,
1831.

Edgell
vs.
Stanfords.

cute the note set forth in the conditions of the deed.—2 *Swift.* 169. If the conditions of the defeasance be complied with, the proof is with the defendants, not with the plaintiff, to show that they are not. And, even if the note be paid, and the mortgage deed cancelled, it does not vest the legal estate in the mortgagor.—2 *Swift,* 170, 171. There must be some deed or other conveyance. If the defendant, *Samuel Stanford,* has paid the note, or asks time to redeem, he must seek the equity side of the court. He has no defence at law. On the part of defendants there is no suggestion of fraud or covin ; but only, that the plaintiff has not produced the note described in the mortgage, nor given any reason for the non-production of it. Why should the note be produced ? There was no issue formed upon it, nor could there be. If produced, could the defendants deny the execution of it, or show payment? This would have been travelling out of the record. It would have made the note to govern and controul the deed, not the deed the note. *S. Stanford,* under his hand and seal, had acknowledged, that he had executed such a note as the one described in the deed. It was not competent for him to deny its existence, and put the plaintiff to prove it. *Curtis Stanford* was neither party nor privy to it ; therefore, could not call it in question. The notes and the condition of the deed could not be thus collaterally tried. The pleadings did not put them in issue. I repeat, the sole remedy of the defendants is in chancery. But, if it was competent for the defendants to call for the note, it was competent for the plaintiff to prove by parol, that the note, alluded to in the deed, was the identical note produced on trial, and it is a self evident proposition, that a note for $449, is a note for $440 ; for the major contains the minor. And, if the $449 was, at least, $440, it was secured by the mortgage.

*The defendants' counsel contended,* That the decisions of the county court were correct ; that the debt was the object of the suit, and the deed merely collateral security ; that the plaintiff, the mortgagee, was the keeper of the note, and if he did not produce it, the presumption would be, that it was paid ; that the parol testimony was clearly inadmissible ; for the deed speaks for itself, and cannot be varied by parol proof.

HUTCHINSON, C. J., pronounced the opinion of the Court.— It is now well settled law, that the title of mortgaged premises is in the mortgagor, till a foreclosure. The title of the mortgagee is merely a collateral security for the payment of the debt, des-

CALEDONIA,
March,
1831.

Edgell
vs.
Stanfords.

cribed in the mortgage deed. After the payment has fallen due, and no payment made, the mortgagee is entitled to possession of the premises ; but he takes and holds possession as collateral security for his debt ; and must account for the rents and profits as payment, *pro tanto*, of his debt. When his debt is gone, his title is gone with it. And there ought to be no decision for his recovery of the possession, thus to hold as security, and part payment of his debt, unless it appears, in some way, that he has a debt, which ought to be paid. The note is the most direct and proper evidence of this debt. The plaintiff is the owner and keeper of this note. According to every correct rule of evidence, this debt should be proved by the production of the note ; and it must be produced by him, who both has it in his power, and has an interest, to produce it. Moreover, the mortgage deed and note are to be considered as one instrument ; and both should be read together, to make a *prima facie* title in the plaintiff. This answers the suggestion, that the mortgagor acknowldged the note by giving the deed. It is true, he acknowledged the giving the plaintiff a note, to secure which the deed was given ; but he did not thereby acknowledge, that the deed should be of any force any longer than the note continued in force. In short, every suit predicated upon a mortgage deed, whether it be ejectment to obtain possession, or a bill in chancery to foreclose the equity of redemption, is substantially a suit to compel payment of the debt. The mortgagee can obtain no decree in chancery without producing the note, or accounting for its non-production. If the plaintiff sued the note directly regardless of the mortgage, which he may do, if he choose, he must produce the note on trial. The production of the mortgage would not, in that case, prove the note, so as to produce a recovery. And there is no more hardship in the plaintiff's being obliged to produce his note in one of these cases than in either of the others. It is urged, however, that, if the note is paid the proof of payment should come on the part of the defendants. This might as well be urged if the action were directly upon the note. The usual evidence of payments on notes, is the indorsements made at the time of such payments. When the debtor sees his payment indorsed, he rests satisfied, that the note, which shows his indebtedness, will also show his payments, And, having relied upon this, as he well might, common law proof of payment might be difficult, if not impossible. Upon the whole, the plaintiff must produce his note, or show its loss as in other cases.

CALEDONIA,
March,
1831.

Edgell
vs.
Stanfords.

Upon the other point raised no authorities are produced, and we know of none, that warrant the admission of parol proof, to show the note of $440, named in the mortgage, was intended to be written $449, the sum in the note produced ; nor to show, that such proof would vary the legal effect of the deed, if it were admitted. As well might the plaintiff sue one of these notes, and produce the other in evidence, and endeavor, by parol proof, to show, that the one produced was the one intended to be described. Such proof would not remove the variance ; and a recovery, upon one of these notes, would be no bar to a suit upon the other. The proper remedy in the case before the Court would be by a bill in chancery ; in which the court would compel the mortgagor to give a new mortgage, to rectify the mistake ; or, set forth the facts in a bill of foreclosure : and these being admitted, or established, the court could make such a decree as equity should require.

It is urged, however, that it is unnecessary to apply to chancery, because the legal and chancery powers are vested in the same judges, by the laws of this state. Those powers truly are vested in the same judges ; but they are no less distinct on that account. The court must decide what the parties choose to bring before them. A suit at law must be decided upon legal principles ; and a suit in chancery upon chancery principles. We might as well say, that it makes no difference whether the plaintiff brings an action of trespass or assumpsit, because either would come before the same court. In every case, the evidence must correspond with the action, and the remedy must result from both.

The judgement of the county court must be affirmed unless prevented by some motion on the part of the plaintiff.

ROYCE, J.—By the mortgage deed the defendant admitted the giving of the note therein described, and by the long settled rule of pleading in analogous cases the fact thus admitted under hand and seal is not open to dispute in an action founded on the deed. Hence the deed alone established a title in the plaintiff, on which ejectment might be supported after the law day should expire. The question now is, whether in such ejectment it shall be sufficient for the mortgagee to rely, in the first instance, upon this evidence of title furnished by the deed, or whether he shall also be required to exhibit the note in evidence. I do not perceive much resemblance between this action, and an action of assumpsit on the note, or a bill in chancery to foreclose the mortgage. The pro-

CALEDONIA,
March,
1831.

Edgell
vs.
Stanfords.

duction of the note, or an excuse for the non-production, would be required in both those cases, because the direct and professed object in each would be to compel the payment of it, and because it would be the proper evidence to support the allegations upon the record. But in this action the only ostensible object of pursuit is the land sued for, and the matter in issue is the right of possession. When this right is shown to have been acquired by the plaintiff, as I think it is by the production of the deed, it would seem that the other party should be put to his defence :—instead of requiring of the plaintiff to establish his debt, in order to give validity to the deed, I would require the defendant to show a satisfaction or discharge of the debt, to avoid the operation of the deed.

It is true, that the rule of evidence on this subject, as on many others, may be settled either way, without much inconvenience in ordinary cases. But it becomes of the utmost importance in a case like the present, where a mistake has happened in describing the evidence of the debt. For, by the rule as adopted by a majority of the court, the mortgagee, being unable to produce on trial a note or other demand precisely like that described in the deed, is at once defeated of his whole security. I am not prepared to admit, that for such a cause as this the execution of the mortgage should be treated as a nugatory act ; or that the hazard and expense of taking measures to correct the mistake, should be transferred from the party who executed the deed to him who received it. And it appears to me to be more consonant to acknowledged principles, as it surely is to the justice of the cause, to regard the mortgage deed as containing a description of the debt not liable in this action to be controverted, unless for fraud or positive illegality, than by means of this requisition upon the plaintiff to enable the defendant to avoid his deed, in consequence of a blunder which his own inattention or design must have chiefly contributed to produce.

The plaintiff's counsel then requested leave to become nonsuit. The Court were disposed to favor this request, and directed the entry of a judgement of reversal, *pro forma*, so that the plaintiff might become nonsuit : and a nonsuit was entered.

*Fletcher*, for plaintiff.

*Davis & J. Mattocks*, for defendants.