Judge-Marshall
delivered the Opinion of the Court — in which-judge Ewing took no part, as the cause was heard before he took his seat on the bench.
This writ of error is prosecuted by the plaintiffs in an action of ejectment, to reverse a judgment rendered in, favor of the defendant.
A regular title from the Commonwealth was exhibited by the plaintiffs; who also read on the trial, the record of a former ejectment, brought by them, in 1804, for the same land, against Robert E. Ewing &c. in which judgment was rendered for the plaintiffs, in 1807, and a writ of habere facias appeared to have been executed, in 1812. They also proved and read a written lease of the same land, from Thomas D. Owings to Robert Ewing, for twelve months, in which Ewing bound himself to deliver possession to Owings, at the end of the term, and which was dated in 1812, about twenty days after the date of the habere facias on the judgment of the plaintiffs. They also proved, that during part of the years 1816 and 1817, Robert Ewing, the father of the defendant, being in possession of the land, claimed the possession under a lease from the plaintiff Boling, and that there was a contract between them, by which he acknowledged to be tenant of Boling, for one year, of the land in dispute.
The defendant read in evidence, a deed from Jacob Myers to William Ewing, dated in August, 1794, and a deed from William to Robert Ewing, dated in 1796; and proved, that William Ewing was in possession in April,. 1794, and so continued until 1796; when he transferred the possession to Robert, who retained it till his death; when it passed to his son, the defendant, who continued in possession until the trial of this cause.
The suit vras commenced in 1830.
The execution of a habere facias interrupts the pos session of the defendant; so that he cannot avail himself of the limitation, when it appears that he has been ousted by a/ta./a.within thetimeon which he relies as a bar. Where a party holding land, ácimo wledges, by lease or contract, that he is the tenant of another,, he converts his adverse possession into a subordinate and amicable holding— at least for the term of the lease — during which, timedoesnotrnn. against the lessor.
The verdict for the defendant upon this evidence, is questioned as being against law and evidence: and we think it difficult to avoid the conclusion that it is so. ’ It cannot be doubted, that the judgment in ejectment in favor of the plaintiffs; the habere facias executed thereon in 1812; the subsequent claim of the possession by Robert Ewing, under a lease in 1816 from one of the plaintiffs, and his acknowledgment by contract, that he was his tenant for one year, (if these facts actually took place,) deprived the possession of the defendant, of the two essential ingredients which wrere requisite to constitute it a bar to the plaintiff’s recovery. The execution of the habere facias was necessarily an interruption of the possession of Robert Ewing, under whom the defendant claimed, and showed that there was not a continued possession for twenty years before the commencement of the suit. While the contract of 1816, by which Robert Ewing acknowdedged himself the tenant of Boling, and his claim at that time to'hold possession of the land by lease from him, were sufficient, at least during the continuance of the lease, to convert a possession previously hostile, into a possession friendly and subordinate. Such is the necessary and legal effect of the facts unexplained; and as the evidence of the plaintiff conduces most strongly to establish these facts, and is uncontradicted by any opposing evidence in relation to them, and not inconsistent with any proof in the cause, we think the verdict is unsupported by the proof and law' of the case; and should, therefore, have been set aside, on the motion of the plaintiff for a new trial. If, as is probable, the verdict was produced by the refusal of the Court to instruct the jury, as to the effect of some of the facts which have been noticed, and by, a misconception on the part of the jury, of the law as to the necessity of a continuance of an adverse possession during twenty years in order to constitute it a valid bar, a misconception which might have arisen under the peculiar language of the instruction given, this would furnish additional reasons for granting a new trial. But as the view already taken of the law arising upon the facts, covers the whole ground of the instructions refused, as *134 well as of those given, we deem it unnecessary to enter int0 a particular investigation of either.
The judgment is reversed, and the cause remanded, that & new trial may be had, in conformity with this opinion.