Judge Marshall

delivered the Opinion of the Court.
This case was formerly before the Court, and the opinion then rendered (3 Dana, 132,) is refered to, for a statement of the principal facts which then appeared.
On the trial which took place after the return of the cause to the Circuit Court, the evidence on the part of the plaintiff was substantially the same as before: commencing with the exhibition of a patent to John Warford, and a deed executed by him, in 1801, to his children, Joseph Warford, one of the plaintiff’s lessors, and Elizabeth Warford, who afterwards intermarried with Boling, the other lessor. The remaining evidence on the part of the plaintiff is sufficiently detailed in the former opinion.
On the part of the defendant, also, the evidence was the same as before, except that on the last trial, he introduced an, unrecorded deed from John Warford, the patentee, to Jacob Myers, executed in April, 1794, and read, as before, a deed from said Myers to William Ewing, in August, 1794, and a deed from William to Robert Ewing, the father of the defendant, in 1796; and proved that William Ewing was in possession, claiming under Myers, in 1794, and that, in 1796, the possession *77 was transfered, with the title, to R. E. who remained in possession when the deed under which the plaintiff claims was executed, and afterwards, until disturbed by the proceedings in the ejectment formerly brought by Joseph Warford, and Boling and wife. He also read a record from the Court in which the judgment in the former ejectment had been obtained, showing that, upon a ride duly executed on the present lessors, and upon a full hearing of the parties, the writ of habere facias, by which R. Ewing had been turned out of possession, was quashed, and a writ of restitution awarded, under which the said R. Ewing was restored to his possession.
An unrecorded deed (admitted or proved to be genuine) is good evidence of a transfer of the title, not only against the parties to it, but against all the world, except subsequent purchasers without notice and creditors:
The possession of land conveyed by an unrecorded deed, was held under it, till after the date of a subsquent deed by the grantor to his children; and one of the grantees in the latter, and other members of the grantor’s family were witnesses to the last deed: these facts are sufficient to show that the grantees in the last deed were not purchasers without notice.
The plaintiff’s counsel moved to exclude from the jury, the record just mentioned, and also all the evidence of the defendant tending to deny that the plaintiffs had title. But the Court overruled these motions, and the subsequent motion of the plaintiff for a new trial. And the propriety of these opinions is now questioned in this Court.
It is contended that the deed from Warford to Myers, should have been excluded, because it was not recorded, and therefore, was not competent evidence. But the genuineness of the deed being admitted, it proved a transfer of the title from the grantor to the grantee, and was good evidence of this fact, not only between the immediate parties, but against all the world except purchasers for a valuable consideration without notice, and creditors. This is the obvious import of the statute (of 1785,) and has often been decided. It is not pretended that the grantees in the second deed from Warford were creditors.
To have excluded the deed in this case, would, therefore, have been to have assumed that they were purchasers for a valuable consideration without notice of this deed, when the facts that the possession was held under the title, as derived through this deed, from its date, until long after the execution of the second deed, and that one of the grantees in the second deed was one of the three witnesses to the first, while the other two witnesses appear to have belonged to the family of the grantor, not only tend to disprove such an assumption, but are sufficient to authorize the conclusion that the grantees in the *78 second deed and the husband of one of them, now a lessor of the plaintiff, had notice of the first. The Court, therefore, could not have assumed that the grantees in the second deed, or the lessors, had no notice of the first, and did not err in refusing to exclude the first deed.
Proof that an adverse possession, was interrupted and converted into an amicable, subordinate, holding, by the execution of a ha. fa. and the acceptance of a lease, &c. by the tenant, maybe effectually rebutted, by a record-which is clearly admissible for the purpose,—showing that, on a motion with a notice to, & an appearance for, the adverse party, the ha. fa. was quashed, and restitution awarded.
With regard to the record of the quashal of the writ of habere facias, and the restitution of R. Ewing to the possession, it has been already stated that, the notice of that proceeding appears to have been duly executed on the present lessors, and they also seem to have appeared in Court, at least by counsel. The proceeding was, therefore, binding upon them, and the record was proper evidence against them, so far as it was material. That it was material in this case, cannot, in our opinion, admit of question. The proceeding under the writ of habere facias, and the subsequent acceptance of a lease by R. Ewing from Boling, one of the lessors, containing a covenant to restore the possession, and other facts (detailed in the former opinion) which intervened between the judgment in ejectment of 1812, and the restitution in 1822, tended to raise an inference, if not a more conclusive presumption, that Ewing had either surrendered such title as he had, or that he was estopped from asserting it against Boling. By the proceeding which terminated in the quashal of the habere facias, and the restitution of possession to him, whatever relation may have subsisted between him and the plaintiffs, by whom he had been evicted, growing out of his having been turned out under the judgment, were terminated, and the presumptions arising therefrom ceased to operate. He was restored to his previous condition of an independent, adverse, holder, claiming title to himself, and was thenceforth at full liberty to assert that title in opposition to the claim of the lessors or any others.
There was no error, therefore, in refusing to exclude the record of this proceeding; and the evidence having been sufficient to authorize the jury to find that the defendant had good title, as against the lessors of the plaintiff, there was no error in refusing a new trial, and the judgment is affirmed.