# ROCKINGHAM,

## DECEMBER TERM, A. D. 1839.

---

### New-Hampshire Bank *vs*. Willard.

The whole language of the condition of a bond is to be taken into consideration, in ascertaining the true construction of different parts of it.

Where a bond and mortgage were given to secure the debts due from the mortgager to the mortgagee, and the mortgager and a third person were at the time indebted to the mortgagee, upon their joint and several promissory note, which was afterwards delivered up, and the several note of the mortgager taken for one half of the amount—*Held* that this change of the security did not discharge that half of the debt, and that the amount of the new note was secured by the mortgage.

Mortgages to secure future liabilities are invalid, even as between the parties, by the statute of July 3, 1829. But this does not render them void so far as they are made for the security of existing debts.

WRIT OF ENTRY, upon a mortgage, executed by the defendant August 16th, 1836 ; submitted to the determination of the court upon a statement of facts.

The mortgage contained a condition in these words, viz. : " Provided, nevertheless, that this deed is upon this condition, that if the said Willard, his heirs, executors or administrators, shall well and truly pay, or cause to be paid, to said bank, its successors or assigns, the sum of $5·000, on or before the 16th day of August, 1838, then this deed, and also a certain bond, or obligation, of even date herewith, given by said Willard to said bank, in the penal sum of five thousand dollars, shall both be void, otherwise in full force."

The condition of the bond was, " that if the said Willard shall well and truly pay, or cause to be paid, to said New-Hampshire Bank, its successors or assigns, all sums of money which may be discounted on notes, drafts or acceptances, made, endorsed, drawn or accepted by said Willard, to said

New-Hampshire Bank *v.* Willard.

bank, on or before the said 16th day of August, 1838, or which being now so made, endorsed, drawn or accepted, may or shall hereafter, before said 16th day of August, 1838, be discounted by said bank, with all interest, cost or damages on the same; and shall at all times save harmless and indemnify said bank, its successors and assigns, from all damages, expenses, costs and charges to which said bank, its successors or assigns, may at any time hereafter be put, by reason of said notes, drafts or acceptances, so discounted, or which may be so discounted by said bank, then this obligation to be void—otherwise in force."

At the time of making the mortgage and bond, the New-Hampshire Bank held, and was the owner of, a joint and several note, for the sum of $6·200, signed by Willard and one Jonathan Morrison, and which had been discounted for Morrison and Willard. On the third day of September, 1836, Willard gave his note to the bank for the sum of $3·100, for his half of the said note of $6·200, and there was due on the same, September 10th, 1839, $3·503. Morrison secured his part of the note of $6·200, which was given up.

On the 16th day of August, 1838, Willard was indebted to the bank as indorser with his copartner upon several notes dated subsequent to the mortgage.

*Emery,* for the defendant, contended, 1. That the bond being referred to became part of the condition of the mortgage. 3 *Wend.* 234, *Jackson* vs. *McKenney;* 4 *Mass. R.* 267, *Clapp* vs. *Draper; Ditto* 687, *Quarles* vs. *Quarles;* 7 *Mass.* 498, *King* vs. *King;* 8 *Mass.* 159, *Cary* vs. *Rawson;* 13 *Mass.* 55, *Chickering* vs. *Lovejoy.* 2. That the part of the condition by which it was attempted to secure future discounts and liabilities was void, being in direct contravention of the fourth section of the statute of July 3, 1829. 3. That the condition did not provide for any debts then due the bank. And, 4. If it might be construed so as to

New-Hampshire Bank *v.* Willard.

cover such debts, that the note of $6·200, which existed at
the time, having been given up, and the separate notes of
Willard and Morrison having been taken, that debt was dis-
charged.    1 *N. H. Rep.* 281, *Wright* vs. *Crockery Ware
Co.;* 4 *Esp.* 89, *Viner, Adm'x,* vs. *Cadell;* 6 *Cranch* 253,
*Sheehy* vs. *Mandeville;* 14 *East* 239, *Burdett* vs. *Abbott;*
2 *B. and Ald.* 210, *Bedford* vs. *Deakin & a.;* 12 *Johns.*
409, *Arnold* vs. *Camp;* 5 *Burr.* 2613, *Rice* vs. *Shute;* 1
*Binn.* 123, *Lang* vs. *Keppell, Ex'r;* 9 *Cowen* 631, *Allen* vs.
*Blanchard; Collyer on Part.* 337, *chap.* 3, § 4.

*E. Cutts, and Hayes,* for the plaintiff, argued that the
bond and mortgage were intended to operate as security for
existing liabilities, and also for future liabilities—That the
taking of several notes from the defendant and Morrison was
merely an extension of the credit, and not an extinguish-
ment of the debt (2 *N. H. Rep.* 525, *Elliot* vs. *Sleeper;*
16 *Pick.* 22, *Pomeroy* vs. *Rice;* 9 *Mass.* 242, *Davis* vs.
*Maynard;* 8 *Pick.* 522, *Watkins* vs. *Hill;* 15 *Johns.* 567,
*Dunham* vs. *Dey*)—And that the statute was not intended
to prevent the security of future liabilities by mortgage, as
between the parties to it, but the provision upon that subject
was intended to apply only in favor of persons who might
subsequently obtain liens upon the property.

PARKER, C. J.    The deed in this case purports to contain
a condition for the payment of the sum of $5·000; and is,
according to the literal terms of the condition, a mortgage to
secure that sum.    But the condition provides that on the
payment of said sum of $5·000, the deed, and also a bond of
the same date, in the penal sum of $5·000, shall both be
void.    The natural inference is, that the mortgage was tak-
en as a security for the penal sum of the bond, and intended
to ensure the fulfilment of the stipulations contained in the
condition of the bond; and it is conceded that such is the
case.    The sum of $5·000, mentioned in the condition of

the deed, was not intended as a sum absolutely due, and to be paid ; and in ascertaining, therefore, what is due in equity, we must enquire what is due upon, or secured by, the bond. The bond being made at the same time and referred to in this manner, may be considered, as between the parties, as if it was part of the condition. *Bassett* vs. *Bassett, Cheshire, July,* 1839, *ante* 64. But the bond is not a single obligation for the payment of this sum of $5·000. That is referred to, in the condition of the deed, as a penal sum.

It has been argued that the condition secures future liabilities alone ; but we think this not its true construction. It provides for the payment of all sums of money which may be discounted on notes, drafts, &c. drawn or accepted by the defendant, or which, being now so made, indorsed, &c. may, or shall hereafter, before the 16th of August, 1838, be discounted by the bank ; and also provides that the defendant shall save harmless and indemnify the bank from all damages, &c. " by reason of said notes, drafts or acceptances so discounted, or which may be so discounted by said bank." There seems, in the construction of this condition, to have been an attempt at precision, which came very near defeating its own purpose ; but we are of opinion that the bond was intended to cover the debts of the defendant existing at the time, and that it is sufficient for that purpose, to the extent of the penal sum. The language of the latter part of the condition, which speaks of the notes, &c. " so discounted, or which may be so discounted," shows that the prior provisions were understood to embrace what was already due. The whole language of the condition is to be considered in ascertaining the true construction of different parts of it.

There was, at the time, a note due to the bank, on which the defendant was a joint and several promiser, with another person. There can be no question but what this was within the condition, upon the construction above stated. This note has been given up, and the several note of the defend-

ant has been taken for half the amount. This must be regarded in equity as a part of the same debt, and is secured by this mortgage. 2 *N. H. Rep.* 525, *Elliot* vs. *Sleeper ;* 16 *Pick. R.* 22, *Pomeroy* vs. *Rice.* The case Elliot *vs.* Sleeper would be precisely in point, were it not that in this case there were two promisers, and the several note of each was taken for a moiety of the debt, instead of a new note of both. But we think this can make no difference. The presumption is, that the two signers of the note were, as between themselves, liable each for the payment of one half; and in that case the new note given by Willard was given for what was his debt, and the debt may well be considered as subsisting. It has certainly not been paid. If the taking of the separate securities may operate as a discharge of the former note, so that no action could be sustained on that, the debt itself has not been extinguished. No money has been paid, nor any release given. Nothing has been accepted in satisfaction of the debt. It is a mere change of the security, and of the evidence of the debt, from a joint and several note, to two several ones, so that the debtors no longer stand as sureties to each other, for the proportion of each.

Another part of the condition of the bond covers debts and liabilities which should afterwards be contracted by the obligor, to the bank ; and the question is, whether certain notes, endorsed by the defendant and his partner, since the mortgage was executed, can be allowed. We are clearly of opinion that they cannot be taken into consideration. The statute of July 3, 1829, provides that no title, or estate in fee simple, &c. which shall hereafter be conveyed in mortgage, " shall be held by the mortgagee for the payment of any sum or sums of money, or the performance of any other thing, the obligation or liability to the payment or performance of which shall arise, be made, or contracted after the execution and delivery of such mortgage." The terms are express, that the title shall not be held by the mortgagee, for the payment of any such sums ; and the provision applies as

well to a case where the objection is taken by the mortgagee himself, as where it is made by third persons. It was doubtless intended to prevent the execution of mortgages founded upon such conditions.

But this does not affect the other part of the condition, and the plaintiffs are entitled to a conditional judgment, for the amount due on the note of $3·100.