GIDEON H. RUPERT et al., Appellants, *v.* DAVID MARK, Appellee.

APPEAL FROM TAZEWELL.

Where a declaration claims title to the whole of a lot of land, an undivided interest in the lot cannot be recovered under it.

A *bonâ fide* purchaser of real estate from an heir, will hold the same against a prior unregistered deed from the ancestor.

As a general principle, an outstanding title in a third person, superior to that of the plaintiff, is sufficient to defeat a recovery in ejectment, although the defendant may not be able to connect himself with that title.

If a subsequent purchaser has knowledge of an unrecorded conveyance when he makes his purchase, he cannot protect himself against that conveyance. He is as effectually bound by knowledge of the existence of the prior deed, as he is by its registration.

Whatever is sufficient to put a purchaser of land upon inquiry as to the rights of others, is considered legal notice to him of those rights.

Possession is sufficient to put a purchaser on inquiry as to the title of the possessor. Any facts which might be ascertained by the exercise of ordinary diligence he will be chargeable with notice of.

Where a purchaser under an unregistered conveyance is in the open and visible possession of the premises, it is sufficient notice to protect him against a subsequent purchaser, and to charge the latter with knowledge of his title.

THIS cause was heard before DAVIS, Judge, at May term, 1853, of the Tazewell Circuit Court.

MANNING and MERRIMAN, for appellants.

S. W. FULLER, for appellee.

TREAT, C. J. This was an action of ejectment, brought by Rupert and Haines against Mark, on the 7th of April, 1851, to recover the possession of a lot in the town of Pekin.

On the trial, the plaintiffs introduced the following evidence. 1. Proof that David Bailey was the owner of the lot in question, on the 15th of July, 1831; and that the defendant had possession thereof when the suit was commenced. 2. A deed of the lot from David Bailey to Samuel G. Bailey, bearing date the 15th of July, 1831, and recorded on the 18th of the same month. 3. Proof that Samuel G. Bailey died intestate in the year 1846, leaving Emily B. Bailey his only heir at law. 4. A power of attorney from Emily B. Bailey to B. S. Prettyman, authorizing the sale and conveyance of the lot, dated the 10th of September, 1850, and recorded on the 3d of January, 1851.

Rupert et al. *v.* Mark.

5. A conveyance of the lot to the plaintiffs, regularly made in pursuance of the power of attorney, on the 2d of January, 1851, and recorded on the following day.

The defendant introduced the following evidence. 1. Proof that he had been in the actual possession of the lot for three or four years prior to the bringing of the action; the same being inclosed by a fence, and having a stable thereon. 2. A deed for an undivided half of the lot from Samuel G. Bailey to Daniel M. Bailey, bearing date the 13th of May, 1836, and recorded on the 22d of January, 1851. 3. A quitclaim deed of the lot from Daniel M. Bailey to the defendant, dated the 26th of February, 1851, and recorded on the next day. 4. A quitclaim deed of the lot from Elijah S. Mark to the defendant, dated the 30th of May, 1848, and recorded on the 5th of June, 1848.

On this evidence, the court found the issue for the defendant, and rendered judgment in his favor.

1. The plaintiffs, by their declaration, claim title to the whole of the lot. According to the ruling of this court in the case of Ballance *v.* Rankin, 12 Ill. 420, they cannot recover an undivided interest in the lot under such a declaration. They must, therefore, fail in this action, unless they have established title in themselves to the entire lot, or to some distinct part or parcel thereof.

2. This court held in the case of Kennedy *v.* Northup, ante, 148, that a *bonâ fide* purchaser of real estate from an heir, will hold the same against a prior unregistered deed from the ancestor. That decision was made upon very full consideration of our registry laws. It is conclusive of the main question presented by this record. The deed from Emily B. Bailey having been first recorded, takes precedence of the prior conveyance from Samuel G. Bailey, unless the plaintiffs had notice of that conveyance at the time of their purchase.

3. As a general principle, an outstanding title in a third person, superior to that of the plaintiff, is sufficient to defeat a recovery in ejectment, although the defendant may not be able to connect himself with that title. Proof of such title shows the right of entry to be in another than the plaintiff. The plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary. But there is no pretence of an outstanding title in this case. According to the evidence, the title is either in the plaintiffs or the defendant. It clearly appears that the plaintiffs own an undivided half of the lot. The question is, to which of the parties the remaining half belongs. The plaintiffs claim this moiety by virtue of a deed

from the heir; and the defendant claims it under a conveyance made by the ancestor. The plaintiffs' deed was first placed on record; and according to the construction put upon the registry laws in the case already cited, they acquired the title to the whole lot, unless they had notice of the prior unregistered conveyance. The law on the subject of notice to a subsequent purchaser seems to be well established. If he has knowledge of the unrecorded conveyance when he makes his purchase, he cannot protect himself against that conveyance. He is as effectually bound by knowledge of the existence of the prior deed, as he is by its registration. It is deemed an act of fraud in him to take a second deed under such circumstances. And whatever is sufficient to put him on inquiry as to the rights of others, is considered legal notice to him of those rights. He is chargeable with knowledge of such facts as might be ascertained by the exercise of ordinary diligence and understanding. The actual possession of land is notice that the possessor has some interest therein. A party who purchases the same while that possession continues, takes the premises subject to that interest, whatever it may be. The possession is sufficient to put him on inquiry as to the title of the possessor; and it is his own fault if he does not ascertain the extent and character of that title. Where the purchaser, under an unregistered conveyance, is in the open and visible possession of the premises, it is deemed sufficient notice to protect him against a subsequent purchaser, and to charge the latter with knowledge of his title. Tuttle *v.* Jackson, 6 Wend. 213; Colby *v.* Kenniston, 4 N. H. 262; Matthews *v.* Demerritt, 22 Maine, 312; Norcross *v.* Widgery, 2 Mass. 506; Landes *v.* Brant, 10 Howard, 348; Dyer *v.* Martin, 4 Scam. 146; Dixon *v.* Doe, 1 S. & M. 70; Boling *v.* Ewing, 9 Dana, 76; McCaskle *v.* Amarine, 12 Ala. 17. In this case, the defendant was in the actual and exclusive possession of the premises, at the time the plaintiffs purchased the same of the heir. The latter are, therefore, chargeable with knowledge of such title as the defendant then had to the lot. The evidence, however, shows that he had no title whatever. He did not then hold under the unrecorded deed from Samuel G. Bailey. Whatever title passed by that conveyance was then in Daniel M. Bailey. The defendant acquired no right under it, until after the plaintiffs had purchased the lot, and put their deed on record. It is true that he had a quitclaim deed from E. S. Mark, but the proof fails to show that the latter had any interest in the lot to be transferred. On the evidence, the plaintiffs were clearly entitled to recover the entire lot.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*