CARROLL.

---

ABBOTT *v.* THOMPSON.

A mortgage conditioned to secure two notes of $1000 each, a part of the consideration of which is a credit of an agreed sum by the mortgagee, on his books, to the mortgagor, is not prohibited by Gen. St., *c.* 122, *s.* 3.

WRIT OF ENTRY, upon a mortgage. The mortgage secured two notes of $1000 each, payable to one Morton or order, in one and two years from date, and indorsed by Morton. Plea, *nul disseisin.*

The mortgage and notes were assigned in writing to the plaintiff. The defendant's evidence tended to show that he, at the date of the notes, owed Morton for small notes $1324.70, and that he then credited the plaintiff on book $675.30, which made the consideration for the mortgage notes; that Morton then made a written statement of the note transaction, charging the mortgage notes to himself, and balancing the charge by crediting the small notes and the item of $675.30, and signed it, and delivered it to the defendant. The defendant owed Morton on book $168.59, at the time of entering the credit of $675.30.

The defendant's book account continued with Morton till Nov. 2, 1869, when they settled it, and the defendant was owing Morton a balance. The defendant claimed that the mortgage was made to secure future advances to the amount of $506.71, and was therefore, in part, invalid. The court charged otherwise, and the defendant excepted. Verdict for the plaintiff.

*Eastman, Quarles,* and *Smith,* for the plaintiff.

*Copeland* and *Pitman,* for the defendant.

BINGHAM, J. A mortgage of real estate made to secure an existing debt is valid, *pro tanto,* although it was also made to secure future advances, as to which it is void, under Gen. St., *c.* 122, *s.* 3; *Johnson* v. *Richardson,* 38 N. H. 353, 355.

The debt or obligation must be in existence at the time the mortgage takes effect, as a conveyance and security, to avoid the statute. *Richards* v. *Railroad,* 44 N. H. 127; *Weed* v. *Barker,* 35 N. H. 386.

A large part of the debt secured by the defendant's mortgage existed at its date, beyond doubt; and the only question is, whether it is a valid security for the $506.71 that the credit given the defendant on Morton's book exceeded the sum then due Morton on the same. We think that the effect of the transaction was, that Morton became liable to account to the defendant for the excess of the credit. Morton had entered it on his book, and given a statement to the defendant that showed that he had paid Morton for doing so by including it in the mortgage notes. It was a promise for a promise. When the mortgage was executed, the defendant had the legal right to have the credit stand on Morton's book till he had duly cancelled it. It was for this undertaking of his for the defendant that he, in part, gave Morton the notes and mortgage. They were valid securities *Stearns* v. *Bennett,* 48 N. H., 400; Story on Prom. Notes, *s.* 186.

*Judgment on the verdict.*

CLARK, J., did not sit.