Voorhis v. Westervelt.

IDA E. VOORHIS, appellant,

*v.*

JAMES P. WESTERVELT, respondent.

1. An unrecorded mortgage given by an ancestor retains its priority over a judgment recovered against the heir-at-law during the lifetime of the ancestor, although the judgment creditor had no notice of the mortgage when he recovered his judgment.

2. The registry law applies only in cases where the interest of the subsequent judgment creditor, mortgagee or purchaser can, at the time he acts, be affected by want of notice of the unrecorded mortgage.

3. If, after the death of the ancestor, a sale of the heir's estate in the ancestor's lands is made under such judgment, a *bona fide* purchaser without notice of the unrecorded mortgage will take free from the lien of such mortgage.

4. A judgment against the heir-at-law recovered after the ancestor's death will displace the unrecorded mortgage.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Westervelt* v. *Voorhis, 15 Stew. Eq. 179.*

Voorhis *v.* Westervelt.

*Mr. J. Herbert Potts* and *Mr. Chas. H. Voorhis,* for appellant.

*Mr. T. C. Simonton, Jr.,* for respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

Westervelt holds an unrecorded mortgage given to him by Henry H. Voorhis, who died, leaving Charles H. Voorhis, one of his heirs-at-law, surviving him.

In the lifetime of Henry H. Voorhis, Ida Voorhis recovered a judgment against Charles H. Voorhis.

The question is between this mortgagee and the judgment creditor, as to which is entitled to priority.

The statute (*Rev. p. 706 § 22*) provides that mortgages shall be void against a subsequent creditor or *bona fide* purchaser or mortgagee for valuable consideration not having notice thereof, unless such mortgage is recorded at or before the time of entering such judgment. In the absence of statutory regulation, the mortgage, it is conceded, is not displaced; the common law establishes liens in the order of priority of their acquisition.

Is the relation between these parties affected by the registry act?

The mortgage could not be void as against this judgment, because it was not recorded "at or before the entering of such judgment."

The judgment, when entered, was no lien whatever upon the mortgaged premises, and could not become an encumbrance thereon without the concurrence of a number of uncertain events, over which the judgment debtor had no control whatever, to wit, the death of the mortgagor intestate, in the lifetime of the judgment debtor, without having previously conveyed the lands. Therefore the entering of the judgment did not and could not in anywise affect the mortgage, and the existence of the mortgage could not then in any wise concern the judgment creditor.

NOTE—See *La Foy* v. *La Foy, 16 Stew. Eq. 209, note; Campbell* v. *Martin, 87 Ind. 577.*—REP.

The judgment creditor, by entering his judgment, acquired no rights as against the mortgagor or mortgagee. The neglect to record, or the want of notice, in no way affected him. He was not within the protection of the act; he had no need to be. The position of the judgment creditor is established when he takes his judgment, and if it is not a judgment which is then a lien on the lands, the statute has no relation to it.

It is certainly not within the spirit of the registry law.

*Earle* v. *Fiske, 103 Mass. 491, 494,* gives the object of the registry act in this language: "The manifest purpose of our statute is that the apparent owner of record shall be considered as the true owner (so far as subsequent purchasers without notice to the contrary are concerned), notwithstanding any unrecorded previous alienation."

When the judgment was taken the mortgagor was owner. The plaintiff in the judgment, when entered, had no interest whatever in the condition of the title to these lands, or in knowing how the record stood.

If the judgment had been recovered after the title of Charles H. Voorhis accrued, the case would be entirely different. The *status* is fixed at the time of the entry of the judgment, and it is fixed by law, and not by the subsequent death of the ancestor. A conveyance, therefore, by the heir, or a judgment recovered against him, after his title vests, will displace an unrecorded mortgage given by the ancestor. The *bona fide* purchaser in such case, and the judgment creditor acquires his title from the apparent owner, and the state of the record will protect him.

I cannot see that it makes any difference whether the heir, after his title vests, executes the conveyance himself, or permits his estate in the lands to be transferred by a judicial sale under such a judgment as the one in question.

The purchaser under the judgment, if he has no notice of the mortgage, is a *bona fide* purchaser within the language of the act.

This construction, I think, gives full effect to the letter and spirit of the statute, and protects all who are required to act upon it.

In my view, the registry law applies only in cases where the

Voorhis *v.* Westervelt.

interest of the judgment creditor, mortgagee or purchaser, at the time he acts, can be affected by want of notice of the unrecorded mortgage. It cannot be conceived that it was intended to relate to those who have no concern in such mortgage, when they acquire their rights.

The learned vice-chancellor, in his opinion in this case, says: "That, as a general rule, a judgment creditor can take nothing for the satisfaction of his debt, which his debtor cannot himself sell, and make a good title to as against his creditors. That the statute has changed this rule and given a judgment ereditor, in a certain contingency, a right to sell property for the satisfaction of his debt, which his debtor could not himself sell, and to sell the same free from the lien of a prior unregistered mortgage, executed thereon by his debtor. But, in order to possess this right, he must be a judgment creditor of the person who executed the prior unregistered mortgage, and not a judgment creditor of some person who may, at some future time, after entry of his judgment, become the owner, by descent, of the mortgaged premises."

This qualification of the rule "that the judgment creditor must be a judgment creditor of the person who executed the unregistered mortgage," is not accurate. It is obvious that a purchaser from the heir-at-law, after the inheritance falls to him, is, upon a just and reasonable interpretation, within the protection of the registry law, where the unregistered mortgage is executed by the ancestor. The principle must be the same where the purchaser of the heir's estate acquires title through a judicial sale, made under a judgment like the adversary judgment in this case. Otherwise the record will furnish no protection to the purchaser from the heir-at-law of the descended estate, nor could title safely be taken from a devisee of land.

*Vreeland* v. *Clafflin, 9 C. E. Gr. 313,* is not in conflict. That case holds that where there is a conveyance to A by an unrecorded deed, and a judgment is subsequently recovered against A, the judgment creditor's lien attaches to the land, and is paramount to the title granted by A to B by a deed prior in date to the judgment, but of which the judgment creditor has no notice

by record or otherwise. This is strictly in consonance with the statute, which makes the deed to B void, and of no effect as against the judgment. The title passed to A by his deed, and in virtue of the statute presumably rested there, as between A and his creditor, in consequence of the failure to record the deed to B. The correctness of the decision may possibly be more apparent if we put in place of the judgment creditor a *bona fide* purchase from A. The same construction must prevail in either case.

This court, in *Sanborn* v. *Adair, 2 Stew. Eq. 338, 344,* cited with approbation the statement of Chancellor Williamson, in *Losey* v. *Simpson, 3 Stock. 249,* " that the whole object of the registry act is to protect subsequent purchasers and encumbrancers against previous conveyances which are not recorded."

This object is fully accomplished by extending the benefit of the statute to those who purchase from or acquire encumbrances against the heir-at-law, or the devisee, after the ancestor's death. They are subsequent purchasers and encumbrancers, and, if they cannot rely upon the state of the record, a very large percentage of titles to real estate are rendered unstable and insecure.

But an encumbrancer against one who is neither the owner in fact nor the apparent owner of record, is not a subsequent encumbrancer of the lands. He establishes his claim against the individual, but it has no relation to the real estate of a third person, and it can, as against the lands of such stranger to the lien, receive no aid or support from the registry laws.

It has been held in other states that a *bona fide* purchaser of real estate from an heir, after the ancestor's death, will hold the same against a prior unregistered deed from the ancestor. *Rupert* v. *Mark, 15 Ill. 540; Powers* v. *McFerran, 2 S. & R. 44; McCulloch* v. *Eudaly, 3 Yerg. 346.*

The effect of a sale by the law is, in this respect, the same as if made by the debtor himself. *Ellis* v. *Smith, 10 Ga. 253; Tucker* v. *Harris, 13 Ga. 1.*

In *Harlan* v. *Seaton, 18 B. Mon. 312,* the court of appeals of Kentucky decided that the protection of the statute of 1796 to purchasers for a valuable consideration, without notice,

against an unrecorded deed of the grantor, extends only to purchasers from the grantor himself, and not to purchasers from his heirs or devisees.   The court, however, distinctly says "that heirs-at-law are as much the apparent owners of the land as the grantor was in his lifetime, and the protection of innocent purchasers being the object of the act, it would seem to be just and reasonable, and consistent with legislative intent, to give it a construction which would operate to remedy the whole evil." But because it had become, by the previous decisions, an established rule in the transfer of real estate, the doctrine of prior cases in that state was adhered to.

In my opinion the decree below should be affirmed, with costs.

