Rockingham
No. 79-172

RAYMOND D. LANE *& a.*

v.

ARLINGTON TRUST COMPANY

December 28, 1979

*John B. Ford*, of Salem, by brief and orally, for the plaintiffs.

*Ralph Stein*, of Salem, by brief and orally, for the defendant.

BROCK, J.   The issue presented in this case is, to what extent, if any, do additional advances made by a first mortgagee to the mortgagor have priority over an intervening second mortgage.

Defendant, first mortgagee, loaned $30,000 which was secured by a mortgage recorded April 1, 1975, to Canobie Auto Body, Inc. Plaintiffs held a second mortgage for $119,500 which was recorded on April 5, 1975. On April 6, 1975, defendant loaned the corporation an additional $10,000. Defendant foreclosed upon its mortgage on August 20, 1976. It is agreed that at that time the balance and interest due on the original first mortgage note was $26,174.37 and the balance due on the $10,000 note was $8,906.61. At the foreclosure sale, defendant received $36,450 and plaintiff then brought this action to recover the proceeds in excess of the $26,174.37 which was due defendant on the original mortgage.

The superior court originally entered a verdict for plaintiffs. Defendant filed a motion to set aside the verdict and upon reconsideration, the court ruled that pursuant to RSA 479:4 the defendant had priority on an amount equal to the indebtedness secured by the first mortgage, $30,000, and could use the balance due on the $10,000 note to add to the balance due on the mortgage and, therefore, retain $30,000. Plaintiffs excepted to this ruling and the case was transferred by *Bean*, J. We affirm.

Plaintiffs argue that only the amount due on defendant's first mortgage, $26,147.37, may be retained by defendant. It is their contention that no part of the balance due on the $10,000 subsequently loaned to the corporation on April 6, 1975, should be given priority over plaintiffs' second mortgage which was recorded on April 5, 1975. We disagree. RSA 479:4 provides:

> Any sum or sums which shall be loaned by the mortgagee to the mortgagor at any time after the execution of any mortgage hereafter made shall be equally secured with and have the same priority as the original indebtedness, to the extent that the aggregate amount outstanding at any one time when added to the balance due on the original indebtedness shall not exceed the amount originally secured by the mortgage. The interest rate charged on such readvance need not be the same as that set forth in the original note.

The amount originally secured by defendant's mortgage was $30,000. At the time of foreclosure, the balance due was $26,174.37. Therefore, under the terms of RSA 479:4, defendant was entitled to a priority of up to $30,000 on any monies it had advanced to the corporation. Because the corporation still owed defendant $8,906.61 on the subsequent $10,000 loan, defendant was entitled to priority on such additional sum as would when added to the balance due on the first mortgage not exceed the amount originally secured by the first mortgage. Accordingly, the trial court correctly determined that defendant was entitled to an additional $3,825.63 of the foreclosure sale proceeds.

In *Earnshaw v. First Federal Savings and Loan Assoc.*, 109 N.H. 283, 249 A.2d 675 (1969), we stated "the creditor is entitled to know the worst concerning the mortgagor's financial status and this is achieved through the knowledge of the outside figure recorded in the mortgage." 109 N.H. at 285–86, 249 A.2d at 676. The outside figure in

this mortgage was $30,000 and, because the mortgage contained a clause securing future advances, subsequent creditors were put on notice that the defendant's priority could equal that amount. We affirm the superior court award of $30,000 to defendant and balance of the foreclosure sale proceeds to plaintiffs.

*Plaintiffs' exceptions overruled.*

All concurred.