Hillsborough
No. 88-408

MARCEL F. LEROUX AND CLAIRE LEROUX

v.

BANK OF NEW HAMPSHIRE, N.A.

December 28, 1989

*Raymond A. Cloutier Law Offices*, of Manchester (*Robert J. Meagher* on the brief and orally), for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*William S. Gannon* and *Michael R. Mortimer* on the brief, and *Mr. Gannon* orally), for the defendant.

THAYER, J. The plaintiffs appeal a denial of their petition for declaratory judgment, claiming that the Superior Court (*Murphy*, J.) erred in holding that RSA 479:3 (Supp. 1988) does not bar a foreclosing priority mortgagee from recovering its accrued interest, late charges, and foreclosure costs from the foreclosure proceeds, if these items, when added to the principal amount due, result in a sum that exceeds the principal amount appearing on the face of the mortgage to the detriment of junior lienholders. For the reasons that follow, we affirm the denial of the plaintiffs' petition.

The parties stipulated to the facts at trial. Prior to July 28, 1987, there were three mortgages on real property located at 142 Maple Street, in Manchester. The Bank of New Hampshire (the defendant) was the most senior mortgagee, with the principal amount of its mortgage being $92,000. The defendant's mortgage provided that it was security for the principal and accrued interest, and also that the defendant was entitled to late charges and foreclosure costs, including reasonable attorney's fees. The second mortgagee was Brothers 6 Realty, and the principal amount of its mortgage was $25,000. Marcel and Claire Leroux (the plaintiffs) held a third mortgage on the property in the principal amount of $40,000.

The defendant foreclosed its mortgage on July 28, 1987, and caused the property to be sold for $175,000 at a public auction. The defendant deducted its foreclosure costs of $17,840.18 from this amount to arrive at the net proceeds of the foreclosure sale, which were $157,159.82. The defendant then deducted its principal, the interest that had accrued, and the unpaid late charges, which totalled $98,776.87. After subtracting this amount from the net proceeds, there was a surplus of $58,382.95 available to the second and third mortgagees. Brothers 6 Realty claimed $25,211.17 to satisfy its mortgage, leaving a surplus of $33,171.68. Because the principal amount of the plaintiffs' mortgage was $40,000, their mortgage was left unsatisfied in the amount of $6,828.32.

The plaintiffs brought a petition for declaratory judgment in which they requested the superior court to determine whether or not RSA 479:3 (Supp. 1988) bars a foreclosing mortgagee with priority from recovering its foreclosure costs, accrued interest, and late charges, the sum total of which exceeds the face principal

amount of the mortgage, when this would cause the surplus remaining from the foreclosure sale to be insufficient to satisfy a junior lienholder's mortgage. The trial court held that foreclosure costs were properly recovered and, after examining the language and legislative history of the statute, further held that RSA 479:3 (Supp. 1988) applies only to advances, and that the defendant could also recover its full principal, accrued interest and late charges. For the reasons that follow, we agree with the trial court and hold that RSA 479:3 (Supp. 1988) does not bar the defendant's recovery of accrued interest, late charges, and foreclosure costs.

The plaintiffs argue on appeal that RSA 479:3 (Supp. 1988) precludes the defendant's recovering more than $92,000, the maximum amount stated in its mortgage. The statute, entitled "Priority of Advances Under A Recorded Mortgage," provides:

> "Subject to the provisions on priority in RSA 447:12-a, a recorded mortgage takes priority as of the date of its recording as to *advances or obligations thereafter made or incurred* that do not exceed the maximum amount stated in the mortgage."

(Emphasis added.) RSA 479:3 (Supp. 1988). The plaintiffs argue that the foreclosure costs, accrued interest, and late charges which the defendant collected were obligations incurred after the mortgage was recorded, and that the statute limits the defendant's recovery to the amount appearing on the face of its mortgage. The defendant argues that its first mortgage secured payment of the principal of the loan, as well as late charges, accrued interest, and foreclosure costs. The defendant further argues that these amounts are not "future advances," and that RSA 479:3 (Supp. 1988) therefore does not apply. For the plaintiffs to prevail on this appeal, the phrase "advances or obligations thereafter made or incurred" must be interpreted to include foreclosure costs, accrued interest, and late charges related to the original loan. We conclude, however, that the plaintiffs' argument lacks support and that both prior decisions of this court and the legislative history of RSA 479:3 (Supp. 1988) instead support the defendant's position.

The general rule regarding priority among competing mortgages, in the absence of a statutory provision to the contrary, is *"prior in tempore, potior in jure* (first in time, superior in right)." 55 AM. JUR. 2d, *Mortgages* § 323 (1971). That is, a mortgage acquired first takes priority over subsequent mortgages on the same property. G. OSBORNE, MORTGAGES § 181, at 313 (2d ed. 1970);

*see Wood v. Weimar,* 104 U.S. 786, 794 (1881); *Voorhis v. Westervelt,* 43 N.J. Eq. 642, 643, 12 A. 533, 533 (1888).

In 1829, apparently in support of this general rule and because it believed that the mere execution of a mortgage should not be sufficient to give priority to later incurred obligations, the New Hampshire legislature enacted a statute which provided that a mortgage on real property could not secure "the payment of any sum or sums of money, or the performance of any other thing, the obligation or liability to the payment or performance of which, shall arise, be made, or contracted after the execution and delivery of such mortgage." Laws 1829, 55:4. We have interpreted this statute not to apply to a future advance made pursuant to a contractual obligation entered into at the time the mortgage was executed, so as to prevent the advance from being secured by the mortgage and taking priority over intervening liens. *Peaslee v. Evans,* 82 N.H. 313, 314–16, 133 A. 448, 448–49 (1926); *see Abbott v. Thompson,* 58 N.H. 255, 256 (1878) (for loan to be secured, obligation to make loan must exist at time of mortgage); *New Hampshire Bank v. Willard,* 10 N.H. 210, 214–15 (1839) (according to statute, obligation arising after mortgage executed not secured by mortgage). The statute of 1829 was later codified in 1955 at RSA 479:3, which was titled "Future Advances" and provided:

> "No estate conveyed in mortgage shall be held by the mortgagee for the payment of any sum of money or the performance of any other thing the obligation or liability to the payment or performance of which arises, is made or contracted after the execution and delivery of the mortgage except as provided in RSA 479:4 or RSA 479:5."

RSA 479:3 (1983), *amended by* Laws 1985, 82:1. Our interpretation of the statute did not change after it was codified at RSA 479:3. *See Earnshaw v. First Fed. Savings &c. Ass'n,* 109 N.H. 283, 284–85, 249 A.2d 675, 675–76 (1969) (future advances are secured by mortgage if obligation to make advances exists when mortgage executed, and take priority over intervening mechanic's lien); *Peterson v. Reilly,* 105 N.H. 340, 347, 200 A.2d 21, 27 (1964) (statute does not prohibit security for obligatory future advances).

The legislature enacted RSA 479:4, *see* Laws 1945, 72:1, to provide a limited exception to the prohibition contained in RSA 479:3, so that a mortgagor could, under the original mortgage, borrow additional sums for "repairs, additions or improvements to the mortgaged premises." RSA 479:4 was amended in 1955 to provide as follows:

"Any sum or sums which shall be loaned by the mortgagee to the mortgagor at any time after the execution of any mortgage made after March 27, 1945, shall be equally secured with and have the same priority as the original indebtedness to the extent that the aggregate amount outstanding at any one time when added to the balance due on the original indebtedness shall not exceed the amount originally secured by the mortgage. The interest rate charged on such readvance need not be the same as that set forth in the original note."

RSA 479:4, *repealed by* Laws 1985, 82:2. This statute gave limited priority to future advances, *see Earnshaw,* 109 N.H. at 284, 249 A.2d at 675, allowing a mortgagee to secure optional advances, independent from the initial loan, made after the mortgage was executed, but only in an amount which, when added to the balance due on the original indebtedness, did not exceed the original amount secured by the mortgage. *Lane v. Arlington Trust Co.,* 119 N.H. 956, 957, 409 A.2d 1344, 1345 (1979).

Finally, in 1985, the legislature combined RSA 479:3 and :4 by repealing § 4 and amending § 3 to its present form. The meager legislative history indicates that the amendment was intended to protect the priority mortgagee. Accordingly, we are not persuaded by, and reject, the plaintiffs' argument that the legislature intended by its 1985 amendment to modify existing law so as to deny security and priority to obligations, such as those at issue here, which were provided for in the original mortgage. When RSA 479:3 was amended in 1985, the legislature did not change the law on mortgages, but rather consolidated two statutes into one, and clarified the statutory exception. We note also that the phrase the plaintiffs rely on to support their case, "or obligations thereafter made or incurred," is not new to the history of the statute. The term "obligation" was included in the 1829 statute as well as the statute codified at RSA 479:3 in 1955. Neither the former RSA 479:3 nor the former RSA 479:4 addressed the security or priority of interest, costs of foreclosure, or late charges. Nothing persuades us that the present statute was intended to take away security and priority rights of mortgagees, and we therefore hold that RSA 479:3 (Supp. 1988) does not apply to the security or priority of interest, foreclosure costs, or late charges in this case.

■ Our holding is limited to answering the question raised, whether or not RSA 479:3 (Supp. 1988) bars the defendant from recovering its accrued interest, foreclosure costs, and late charges

in addition to the principal, when the total amount exceeds the principal amount appearing on its mortgage. In determining that the statute applies only to obligations incurred after the execution of the mortgage, we do not decide the merits of whether the defendant is entitled to recover the sums claimed, because that issue is not before us. We hold only that such recovery is not prohibited by the statute.

*Affirmed.*

All concurred.