# CHESHIRE,

## JULY TERM, A. D., 1839.

### BASSETT *vs.* BASSETT & a.

A deed, containing a proviso that if the grantor shall comply with the conditions of a bond, executed by him to the grantee at the same time, then the deed shall be void, is not absolute, within the proviso of the statute of July 3, 1829; but is valid as a mortgage, notwithstanding the sum to be paid, or the matters to be performed, are not particularly set forth in the deed itself.

A bond was executed to a married woman, with a condition that if the obligor should pay to her all her right of dower and privileges in a certain farm, which the obligor had that day conveyed to a third person to whom she had at the same time quitclaimed her right of dower, then the obligation to be void; and a mortgage was made to secure the performance. Her husband had previously had title to the farm—*Held*, that upon the decease of her husband she was entitled to recover, in a gross sum, the value of the right of dower, as it would have existed on his death if she had not executed the release.

WRIT OF ENTRY, to recover a tract of land in Richmond, upon a general declaration of a seizin in fee and in mortgage. Plea, nul disseizin.

The plaintiff offered in evidence a deed executed by William Bassett, one of the defendants, March 31, 1831, which was duly acknowledged and recorded April 8, 1831, conveying the land to Anna Bassett, the plaintiff, with a condition as follows—"Provided, nevertheless, that if the said William Bassett, his heirs, executors or administrators, shall well and truly pay the said Anna Bassett, her heirs, executors, and administrators or assigns, or comply with the conditions of a certain bond, bearing even date with this instrument, signed by the said William Bassett to Anna Bassett, then this deed to be void; otherwise to remain in full force and virtue."

The defendants objected, that under the provisions of the statute of July 3, 1829, this deed was not a mortgage, and that it was void.

The plaintiff introduced in evidence a bond, of the same date with the deed, in the penal sum of $500, with the following condition, to wit. : " The condition of the above obligation is such, that if the above named William Bassett, his heirs, executors or administrators, do and shall well and truly pay, or cause to be paid, unto the above named Anna Bassett, her executors, administrators or assigns, all her right of dower and privileges in the farm lying in the westerly part of Royalston, which the said William Bassett deeded to Jervis Davis on the twenty-third of April, in the year of our Lord one thousand eight hundred and thirty, and which the said Anna Bassett has this day quitclaimed all her right of dower to Jervis Davis, then this obligation shall be void and of no effect, otherwise to remain in full force and virtue."

It also appeared in evidence, on the part of the plaintiff, that on the 16th of January, 1833, she made her claim in writing against said William for the penal sum mentioned in said bond—that it was agreed between them on the same day to submit the claim so made to referees, and a rule for that purpose, made returnable before any judicial court, was signed by said parties, and acknowledged before a justice of the peace—that the referees on the same day made an award, "that said Anna Bassett recover of said William Bassett, his executors, administrators or heirs, annually, during her natural life, the sum of fifteen dollars and thirty-three cents, commencing the 29th day of July, 1831, payable the first of April annually"—and that the parties, on the same day, signified their approval of said award, in writing on the back of the same.

The defendants offered evidence that on said thirty-first of March, 1831, Cyrus Bassett, the husband of said Anna, was living, and that he died three or four months after that date. He had previously had title to the farm.

On the 13th of February, 1837, said William Bassett quitclaimed to the other defendant, Daniel Bassett, the demanded

premises, with a covenant of warranty against all claims arising by, from, or under, him.

A verdict was taken for the plaintiff, by consent, subject to be set aside and judgment entered for the defendants.

*Handerson, & Wilson,* for the plaintiff.

*Chamberlain,* for the defendants.

PARKER, C. J.   The statute of July 3, 1829, "prescribing the time and mode of redeeming real estate mortgaged," &c., contains a proviso, that no title or estate in fee simple, &c., shall be defeated or incumbered by any agreement whatever, unless such agreement, or writing of defeasance, shall be inserted in the condition of such conveyance, and become part thereof, stating the sum or sums of money to be secured, or other thing or things to be performed.   *N. H. Laws* 488. Upon this clause of the statute it has been objected, that the deed upon which the plaintiff relies is not a mortgage ; and that it should be held void, because upon a condition which was not incorporated into it, and could not take effect.

But this position cannot be maintained.   If the deed, by reason of this proviso, is not a mortgage, the title conveyed by it is absolute in the plaintiff.    The language of the proviso is explicit, that no title or estate in fee simple shall be defeated or incumbered by any agreement whatever, unless such agreement shall be inserted in the condition of the conveyance, and become part thereof, &c.

The question then is, whether this shall be held to be an absolute deed, or a mortgage.   In many, and probably most, instances where the parties make what appears to be an absolute deed, and the grantor takes back a bond or other agreement, for a re-conveyance upon the performance of certain conditions, the parties do not intend to make, and do not suppose they have made, a mortgage.  The object of the grantee, often, is to avoid the necessity of taking a conditional judg-

ment, and of holding a year subject to an equity of redemption ; and the grantor is, at the time, assenting to an arrangement by which it is understood between them, that if the condition is not performed at the day, the title is to be absolute, according to the terms of the deed. But where an instrument under seal has been executed at the same time with the deed, providing for a re-conveyance on condition, it has heretofore been held to operate as a defeasance, and the whole transaction to constitute a mortgage. The legislature interfered with this practice, either because such construction did not effectuate the intention of the parties ; or, which is perhaps more probable, because they thought such transactions susceptible of being converted into instruments of fraud, and intended to discourage the giving of deeds apparently absolute, and taking back agreements for a re-conveyance. The provision of the statute, which has been cited, was inserted, undoubtedly, with the intention that it should apply to transactions of that character, making the deed to operate, according to its apparent purport, as an absolute conveyance, and leaving the grantor to his remedy upon the agreement which he had taken, in case he performed the condition according to the terms of it. The grantor may require a specific performance, if he complies strictly with the terms of the agreement, or he may have a remedy on the contract for the recovery of damages.

In the present case, however, there can be no doubt that the parties to the instrument intended to make a mortgage. The deed shows on its face that it was not intended to be absolute, but was upon condition. It was to be void if the grantor complied with the conditions of a bond of the same date, executed by him to the grantee ; and it must of course have been supposed that a fulfilment of the conditions of the bond would, of itself, render the deed nugatory. But if this case, and others of a like character, should be held to be within the statute, and the plaintiff here took, what it is evident on the face of the deed the parties did not contemplate

she should take, viz., an absolute title, the intention of the
parties would not only be defeated, but the grantor would
seem to be wholly without remedy. If the title was, on the
execution of the deed, absolute in the grantee, no perform-
ance of the conditions of the bond could render it void, or
defeat it. And how could the plaintiff be compelled to re-
convey in such case, or be made answerable in damages if
she did not ? There is no stipulation for such a re-convey-
ance. The stipulation is that the deed should be void ; but
the statute would interfere and control that, and, instead of
its becoming void, make it at once absolute. This clause in
the deed, then, could not, against the operation of the statute,
be construed into an agreement to re-convey. Such is not
its language. Nor is it contained in any instrument executed
by the plaintiff, or bearing her signature, or purporting to con-
tain her promise. On the contrary, it is an instrument which
she holds, executed by the other party, which is available to
her as a valid grant, and upon which this clause would, in
that case, be an ineffectual attempt to place a limitation or
condition. The bond also is held by her, and is evidence of
matter to be performed to her, and not by her. If the clause
in the deed cannot operate as a condition, because the statute
says that the title of the plaintiff shall not be defeated or in-
cumbered by it, it would, at the least, deserve great considera-
tion whether there is any thing on which we could, in equity,
decree a re-conveyance. To say nothing of the fact that
the transactions in this case were two years before this court
had any power to decree a specific performance of contracts,
and that the rights of the parties, whatever they were, had
perhaps all become perfect before that time ; if the condition
is void, instead of the deed, what contract is there that the
court could enforce ? The contract made by the parties is
that the deed should be void ; but if the case is within the
statute, the court could not enforce that, against the terms of
the statute. Equity cannot disregard the positive provisions
of a statute. We cannot substitute a different contract from

Bassett *v.* Bassett.

what the parties have made, and then enforce that. Nor, if the deed is absolute, does there seem to be any ground upon which the grantor could sustain an action for damages, had he performed the condition of the bond, and the plaintiff refused to re-convey. For, as has been already remarked, the bond is executed by the grantor, and contains no agreement of the plaintiff, and there is no writing containing any promise signed by her. We could not imply a parol promise to re-convey, not only because the parties have made their contract specific, in writing, but because such promise would be wholly ineffectual by reason of another statute, which enacts " that no action shall be maintained upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, unless the agreement upon which such action shall be brought, or some memorandum thereof, be in writing, and signed by the parties to be charged therewith, or by some other person thereunto lawfully authorized by writing." *N. H. Laws, 535.* If the deed is to be regarded as absolute, there is no agreement for a re-sale, in writing, signed by the plaintiff.

It is very clear that a construction which should bring this case within the statute, instead of effectuating the intentions of the legislature, would defeat their purposes; for they could never have intended that a deed which the parties meant for a mortgage, and to which they gave the shape of a mortgage, should be absolute, and the grantor have no remedy for a refusal of the grantee to restore the title, on the strict performance of a written condition. The case is not within the mischiefs intended to be remedied. There is not such a danger of fraud, in cases of the character of the one before us, as should lead to any such intention or construction.

And we are satisfied that this conveyance may well be held to be a mortgage, notwithstanding the statute. Had the legislature had in view cases like the present, where there is a condition apparent on the face of the conveyance itself, but which is not inserted at large in the deed, they would doubt-

less have enacted that such conveyances should be void, and no title derived under them, instead of providing that the title should not be incumbered by a condition thus apparent, to some extent, upon the face of the title itself.

There is another ground also on which it might be held that this case is not within the proviso. The bond was executed at the same time with the deed, and is referred to in the condition ; and being part of the same transaction may be held, by means of this reference, to have become a part of the condition, within the meaning of the statute.

The next question arises upon the construction of the condition of the bond, which is quite as inartificially drawn as the deed itself.

It appears from the condition that the defendant, Wm. Bassett, had, previous to the execution of the bond, conveyed a certain farm in which the plaintiff had an inchoate right of dower, which she did not release at the time of the conveyance, but did quitclaim at the time when the bond was executed. The condition of it is, that the obligor " shall well and truly pay, or cause to be paid" to the plaintiff, " all her right of dower and privileges" in that farm. It has been argued that she was then a married woman, having no dower in the farm, and that she has never had any, and can therefore claim no remedy on the bond. But she had an imperfect right of dower, contingent upon her surviving her husband ; and the meaning of the condition must have been, that in case she should survive her husband, so that her right to have dower assigned in the farm would have become perfect but for the quitclaim which she then executed, the obligor would pay her the value of the right which would then have belonged to her. This construction makes the whole transaction consistent, and one which might very naturally be entered into.

The remaining question is, upon what principle the sum due shall be ascertained, and the conditional judgment entered. It appears from the case that the plaintiff made a claim

upon the obligor, which was submitted to referees under a rule made returnable to any judicial court; and that the referees awarded that the plaintiff should recover an annual sum, payable the first of April, in each year. This was quite as inartificial as the condition of the bond on which the submission was founded. But without stopping to inquire how a court could render judgment, and issue execution, upon an award of referees to be performed annually thereafter during the life of one of the parties, it is sufficient to say that the referees did not follow the legal effect of the bond, which entitled the plaintiff not to the annual value of the right of dower, but to its value in a gross sum.

The defendant, Daniel Bassett, who has the title to the demanded premises, subject to the mortgage, was not a party to that reference, nor does the conveyance of the equity of redemption to him seem to place him in such privity that he is bound by the award. And if he had been a party it might be very questionable whether that award could form the basis of a conditional judgment to be rendered on the mortgage, departing as it does from the legal effect of the condition.

We are of opinion, therefore, that the plaintiff is entitled to judgment as of mortgage, and that the conditional judgment must be entered for the value of the right of dower, as it would have existed at the time of the death of the plaintiff's husband, but for her release.—Unless the parties can agree upon the sum, there must be a further enquiry to ascertain that value.