# STRAFFORD,

## JULY TERM, A. D. 1849.

---

## Boody v. Davis.

If a grantor execute and acknowledge his deed, and deliver it to the register to be recorded, intending by that act to part with his dominion over it, and that it shall pass to the grantee and enure for his benefit, that is a sufficient delivery, if the grantee assent.

The statute of July 8, 1829, provides that no title or estate in fee simple, &c., shall be defeated or incumbered by any agreement or writing of defeasance not made part of the condition in the conveyance, stating the sums to be secured, or things to be performed. *It seems,* if the condition do not sufficiently describe the thing to be done, &c., the same is void and the conveyance is absolute.

If the condition describe the thing to be done with reasonable certainty, it is sufficient. That may sometimes be the case, when the precise thing to be done cannot be known but by reference to private papers in the custody of the parties. If the payment of a sum of money is secured by the mortgage, *quære,* whether it would be sufficient so to frame the condition, that the amount could not be ascertained except by such reference.

If the condition be to save harmless the mortgagee against a note that he has signed, it is sufficient to describe such note, so that it may be identified. The omission of the sum, the date, and the name of one of the signers, is not fatal, if the note is so described as to be identified.

Writ of Entry, upon a mortgage. The deed offered in evidence by the demandants contained the condition that it should be void, " if the defendant, his heirs, &c., shall well and truly pay into the Savings Bank, in Dover, known by the name of the Strafford Savings Bank, or the president and directors, their heirs and assigns, the full

one half part of a note signed by David Davis, John Chadwick, Solomon Hayes and Joseph Boody, and keep the said Boody harmless from the one full half part, and John Chadwick is in for the other half."

It appeared in evidence that the mortgage was duly signed and acknowledged by the defendant, but the grantees were not present when either of those acts was done. To show a delivery, the demandants proved that the deed was put upon record on the day of its execution, and the evidence tended to show that it was done by the tenant himself. They also proved that the tenant had afterwards stated that he had mortgaged to the demandants the property described in the deed, to secure them.

It further appeared that a note, similar to the one described in the condition of the mortgage, except that it had upon it the additional name of Dudley Pike, dated January 30, 1836, for $1,000, payable to the Strafford Savings Bank, on demand, had been discounted by the Savings Bank; and the evidence tended to show that no other note of the description of the one set forth in the mortgage had ever been discounted by that bank. It was further proved that the bank commenced an action upon that note, and that Hayes, one of the signers, afterwards paid it.

The defendant's counsel excepted to the evidence, as incompetent to prove a delivery of the deed, and contended that the note produced did not substantially correspond with the one which was described in the mortgage, and that therefore the action could not be maintained.

But the court overruled the exceptions, and instructed the jury that if they believed, from the evidence, that Davis sent the deed to the registry, and parted with his dominion over it, with the intent that it should pass to the grantees and take effect for their benefit, they being willing, it would amount to a delivery of the deed.

They further instructed the jury, that if they should find that the note produced was the one intended by Davis to

be described in the mortgage, the description was sufficient, though the name of Pike was omitted. To these instructions the defendant excepted.

The jury returned a verdict for the demandants, which the tenant moved to set aside and for a new trial, for the supposed errors above alleged.

*Hobbs,* for the tenant, cited N. H. Laws 488, Ed. 1830.

*Christie,* for the demandants.

WILCOX, J. The evidence was competent to show a delivery of the deed. It was duly executed and acknowledged, and was sent to the office of the register of deeds to be recorded. This was all done by the tenant, and it was his intent that the title and the deed should pass to the grantees. The demandants have assented to the delivery. They have received the deed, have brought their action upon it, and upon the trial have produced the deed in court.

Possession held by the grantee of a deed duly executed, is alone competent evidence of a delivery, for things shall be presumed legally and properly in their present state, unless the contrary be shown. 1 Cow. Phil. 1284; *Canning* v. *Pinkham,* 1 N. H. 353; *Buffum* v. *Green,* 5 N. H. 71.

Indeed, when a deed is delivered to a third party, with an intent on the part of the grantor that it shall take effect for the benefit of the grantee, the assent of the latter is presumed, and the deed takes effect from the act of delivery; *Towson* v. *Tickell,* 3 B. & Ald. 36; *Peavey* v. *Tilton,* Strafford county, July term, 1846; so that there is no occasion to resort to presumptions to enable us to conclude that the deed has come into the hands of the demandants by means of a regular delivery by the tenant. There has been a regular delivery of the deed by the

tenant to the recording officer, with the intent that it should pass to the grantees, and should in fact enure for their benefit from that moment. It was, in short, delivered to that officer for their benefit. Their assent to it, which is a legal presumption at that moment, has been established as a fact, by their subsequent acts that have been adverted to.

But the defence upon which the tenant relies more fully is founded upon the statute of July 3, 1829, N. H. Laws 448. This statute provides that "no title or estate in fee simple, &c., shall be defeated or incumbered by any agreement whatever, unless such agreement or writing of defeasance shall be inserted in the condition of such conveyance, and become a part thereof, stating the sum or sums of money to be secured, or other thing or things to be performed."

The condition of the mortgage in controversy is, that if the tenant, his heirs, &c., "shall pay unto the Savings Bank, in Dover, known by the name of the Strafford Savings Bank, or the president and directors, their heirs and assigns, the full one half part of a note, signed by David Davis, John Chadwick, Solomon Hayes and Joseph Boody, and keep the said Boody and Hayes, harmless from the one full half part, and John Chadwick is in for the other half, then the foregoing deed is to be void," &c.

The note produced is dated January 30, 1836, and is payable to the Strafford Savings Bank, in Dover, or their order, for $1,000, payable on demand, with interest after six months, and is signed by all the persons named in the condition of the mortgage as signers, and by Dudley Pike in addition.

The condition of the deed, therefore, does not specify the date of the note, nor its amount, nor to whom payable, unless by implication, and omits the name of one of the signers.

If this case comes within the statute of 1829, and the condition of the deed does not sufficiently set forth the thing to be done, then, by the express provision of the statute, the result is that the demandants' title to the land conveyed is absolute. The statute enacts that no title in fee simple shall be incumbered or defeated by any agreement, unless inserted in the condition, &c. The deed is sufficient in all its parts to pass a fee simple to the demandants, and that estate cannot be defeated at all, unless there is something in this condition that is sufficient to defeat it. The demandants are therefore entitled to recover, unless they have in their declaration counted specially upon a mortgage; and in that case, by amending their declaration and counting generally upon their own seizin in fee simple, they would be entitled to recover at all events, and the tenant would be without any remedy at law.

This is not the result that the tenant desires. He asks that the deed itself may be held void, because the condition is not sufficiently certain, and is not what he supposes the statute to require; whereas the statute provides, not that the deed should be void, but that it should be absolute in the supposed case of an insufficient condition. The statute provides that the condition should be void and the conveyance absolute.

In *Bassett* v. *Bassett*, 10 N. H. 64, it was decided that a deed containing a proviso, that "if the grantor should comply with the condition of a certain bond, executed by him to the grantee at the same time, then the deed to be void," is valid as a mortgage, notwithstanding that the sum to be paid, or the matters to be performed, are not particularly set forth in the deed itself. In that case the date of the bond and the parties to it were correctly set forth; and so far that case differs from the one before us. The fact that the deed and bond were executed at the same time, was referred to as a ground upon which it might be

held that the case was not within the statute. But the main ground of that decision was, that it appeared upon the face of the deed that it was intended to be conditional and not absolute, and the statute did not require the condition to be more particularly set forth.

It is indeed true in such a case, that although the record informs the purchaser that the conveyance is attended with a condition, yet the particulars of that condition can be determined only by reference to a private paper in the possession of the party, which he is not bound to produce. But it was never expected that every thing affecting the operation and extent of a deed should appear upon the record. A deed refers to a pine tree as a monument; yet that pine tree cannot be shown by the record, and its identity is liable to become a matter of controversy and doubt, and must always be the subject of extraneous proof. So where a conveyance is made of all the lands in the occupation of A. B., or of A. B's home farm; and indeed if the condition of a mortgage were to specify with the utmost degree of minuteness the thing to be done, yet what at any particular time has been performed, and what remains to be performed, are matters material to a purchaser, but resting ever in the private knowledge of the parties alone. A creditor, attaching an equity of redemption, may require the mortgagee to render an account under oath of the amount due him, (Rev. Stat. 368) and if a purchaser who is put upon inquiry by the record, chooses to purchase without seeing the papers referred to, and without other reliable information, it is his own folly.

It is true, there must be in the deed a certain description, and one of such a character as to enable a person upon the evidence to determine what was intended. But that description need not embrace every particular; and although it may in some respects be erroneous, yet if the description be sufficient, after rejecting the erroneous part, such erroneous part may be rejected, when the facts shown *aliunde* require it, and effect given to the residue.

Thus, in *Johns* v. *Church*, 12 Pick. 560, a note was described in a mortgage as being for $236, but the note produced was for $256, corresponding in other respects with the description in the mortgage. This was held sufficient, upon evidence being given that the note produced was the only one which the plaintiff had signed as surety.

So when the note was described in the mortgage as dated in the year one thousand seventeen hundred and ninety-eight, and the note produced was dated in the year 1798, showing a mistake of one thousand years, yet as the note agreed with the other terms of the description, and as there was so manifestly a mistake in the mortgage, it was held sufficient. *Hall* v. *Tufts*, 18 Pick. 460. See, also, 24 Pick. 314.

The case of *Robertson* v. *Stark*, 15 N. H. 109, was trover for chattels claimed under a mortgage. The condition described the contract secured, as signed by Jeremiah Eastman, Jr., while it was in fact signed by a firm of which he was a member; and it was held a sufficient description. The remarks of the Chief Justice upon that occasion appear to contain sound and reasonable doctrine, and the decision would be conclusive of the question at present discussed, if the case had arisen upon a mortgage of real estate, and demanded the construction of the statute of July 3, 1829, upon which the question before us is founded. It was said in that case, "where the description is accurate as far as it goes, the paper offered in evidence merely containing other particulars consistent with those set down in the condition, it seems to be quite clear that the possession and production of the instrument is *primâ facie* evidence that it is the same mentioned in the condition."

Those remarks are directly in point, and the case to which they refer is not perhaps distinguished from the present by any feature that ought to be regarded as material, or which could furnish occasion for the application of a different rule.

A different rule from that which prevailed in *Johns* v. *Church*, was adopted in *Edgell* v. *Stamford*, 3 Vt. 204, where the amount of the sum secured by the note was misstated in the mortgage. The court found their opinion, in part, upon the doctrine of variance between pleadings and evidence in similar cases, and in part upon the inadmissibility of parol evidence to show a mistake in a written contract, and upon the want of power in courts of law to correct such mistakes.

But we do not think that the rules as to variance in pleadings apply to a case like the present, nor is it a mere question of correcting a mistake in a written contract, that is presented by the facts. If the amount of the note was the only description given of it, and that was mistaken, the doctrine of *Edgell* v. *Stamford* would apply.

It is also said in that case, that the plaintiff offered parol evidence to show that the note produced was the one intended to be described. We do not think such evidence of intention, as an independent fact, could properly be received. But when it is said that the note produced corresponded with that described in the mortgage, except as to the amount, then the question is whether the points of coincidence are sufficient to afford a reasonable assurance that the note produced was the one intended; in which case the erroneous part of the description may be rejected, in conformity with the maxim, "*falsa demonstratio non nocet.*" 3 Cow. Phil. 1424.

The statute that has been referred to, enacts that the agreement or writing of defeasance shall be inserted in the condition of the conveyance, "stating the sum or sums of money to be paid, or other thing or things to be performed." Now it is true in the present case, that the sum of money secured is not stated except by reference to the note; and as we have no power to dispense with the express provision of a statute, if this deed is to be regarded as intended to secure the payment of money, an

important question would arise, whether it is sufficient to state the sum by a mere reference to a private paper not placed upon the record. This question we leave untouched, for it is manifest that the payment of money was not the essential matter secured by this mortgage.

The demandants had no interest in the money; but being holden to pay it, as sureties to the defendant, they were only interested to be indemnified against that liability; and if they were saved harmless, the condition would be satisfied, whether the money was paid or not. The question then is, whether the deed states " the other thing or things to be performed."

Now it is clearly not necessary that the agreement, the performance of which is secured by the mortgage, and is a compliance with the condition of defeasance, should be inserted *verbatim* in the mortgage. It is enough if it be substantially inserted or described. The condition in this case is to indemnify the demandants against a note signed by certain persons. A note is produced signed by those persons, and it is shown that no other note ever existed signed by those persons. Can there be any reasonable doubt of the intent; or would the case have been stronger if the condition had also stated the amount and date of the note? If indeed it had appeared that other notes existed, answering to the description given, then the question would arise, whether parol evidence was admissible to show which was intended, or whether the whole would be void for uncertainty. But only one note existing of the kind described, the presumption must necessarily be that it is the one intended.

Suppose a deed refers to a pine tree as a boundary: if you find a pine tree in a place to which the general description in the deed directs your attention and search, and you find no other pine tree that could be mistaken for the one referred to, is the description bad because it does not guard against an impossible error, by giving a more

accurate description of the pine, defining its size and proportions, and the like ? The same course of reasoning will apply to the omission of the name of one of the signers of the note in describing it. The purpose of describing is to identify it. A description which points out obvious features which it possesses, and which no other paper whatever possesses, fully answers that purpose.

The note produced is signed by all the persons named in the condition, and by another person. Upon the strict rules of pleading this would be no variance in description. If all the signers named in the deed had been sued as joint promisors, they could not have set up as a defence a variance between the promise alleged and the one proved. They could only have taken advantage by a plea in abaterr nt, and upon the general issue the note would have been evidence. It is impossible, then, in the present case, to say that there is a variance between the description in the condition and the note.

It has been held by this court, that a mortgage given to secure all notes due and owing from the mortgagor to the mortgagee, embraces a debt due from the mortgagor and another to the mortgagee. *Reed* v. *Fay,* Coös, 1839 ; *Bank* v. *Willard,* 10 N. H. 213.

We are, therefore, of the opinion that as it appears from the condition of the mortgage deed that the tenant was to indemnify the demandants against one half the amount of a certain note, which note is sufficiently described to identify it as the one produced, the demandants are entitled to have judgment as of mortgage.

*Judgment on the verdict.*