Melvin *v.* Fellows.

<hr />

## MELVIN *v.* FELLOWS & a.

A mortgagee who renders a true account of the debts and the amount thereof, actually secured to him by a mortgage of personal property, at the request of an officer who has attached the same as the property of the mortgager, is not guilty of rendering a false account, and to be subjected to the loss of his security, because some portion or the whole of his debts, or the evidence of their existence, may be in some respects incorrectly described in the condition of his mortgage.

Melvin *v.* Fellows.

The identity of a note secured by mortgage may be established by evidence other than its correspondence with the description given of it in the condition of the mortgage. Parol evidence may be introduced, and the question of identity submitted to the jury.

Where a note for $67.25 was described in the condition of the mortgage made to secure it as a note for $46.30, that being in fact the balance of principal due upon it at the date of the mortgage — an endorsement of $20.95 several months after its date having reduced the principal of the note to that sum. — *Held,* that the mortgagee might prove the identity of the note by other evidence, notwithstanding the variance in the description.

The depositing of money, to the same amount of a promissory note, by the payee thereof, in the hands of a third person, to be subject to the control and disposition of the maker, at his request, is a valuable consideration for the giving of such note, although an understanding exist between the parties that the maker of the note may not appropriate the money so deposited to his own use, in a certain contingency to be determined by himself.

A mortgage to secure the payment of such note is not made to secure future advances, within the *legal meaning* of that phrase.

TRESPASS, *de bonis*, for a quantity of hay, corn, &c., alleged to have been taken on the 8th day of December, 1852, at Wilmot, in this county.

Plea, the general issue, with a brief statement that the defendant, Fellows, was a deputy sheriff of said county, and on the 8th day of December, 1852, had in his hands two writs against said Brown: one in favor of the defendant, Hamlin, and the other in favor of White and Knowlton, and that he attached and sold the property by due proceedings under the statute, by virtue of said writs: That at the time of the attachment the property was alleged to be subject to a mortgage from the defendant, Brown, to the plaintiff, Melvin; that the attachment was made subject to said mortgage, and Fellows demanded of the mortgagee an account under oath of the amount of the debt or demand secured by the mortgage, and that the mortgagee returned and delivered to him a false account thereof, and that he sold the property as he lawfully might.

On the trial it appeared that the property was duly attached by Fellows, on the writs, on the 24th of November, 1852, subject to the mortgage from Brown to Melvin; that on the same day Fellows made a demand on Melvin for a statement, under

oath, of the amount of the debt secured by the mortgage ; that on the next day, the 25th, Melvin made a statement, under oath, claiming $164.78 as then due on the debt secured by the mortgage ; that subsequently, on the 8th day of December, Fellows sold the property, on the writs, by the agreement of the parties thereto, on the ground of a false return of the amount of the debt secured by the mortgage. The amount of property sold and secured by the mortgage, and for which this suit was brought, was $96.80.

The mortgage was duly executed and sworn to on the 15th day of July, 1852, and also recorded, and covered the property sued for. The condition of the mortgage was, that it should be void, if Brown, his executors, &c., should pay to Melvin, his executors, &c., " the sum of one hundred and fifty-five dollars, it being three promissory notes, one for thirty dollars, dated July 15, 1852, with interest ; one for forty-six dollars thirty cents, dated January 21, 1851, on demand, with interest ; also, one note, dated February 14, 1852, for seventy-nine dollars, with interest, all said notes payable to said Melvin, or order, and signed by said Brown."

Three notes were produced by the plaintiff, and identified by the person who drew the mortgage, as the same that were intended to be secured by and described in the mortgage. The one for $30 and the one for $79 answered precisely the description given of them in the mortgage. But the one described in the mortgage as for $46.30 differed from the description in this respect. The note was of the same date, and payable to Melvin, or order, as described, but it was given for $67.25, and had upon it an endorsement of $20.95, made October 7th, 1851, so that the sum stated in the mortgage was the amount of principal due, instead of giving the whole amount for which the note was given, and specifying the endorsement.

The defendants contended that this note was not described in the mortgage, and was not secured by it, and that the account rendered by Melvin, in which he included this note as covered by the mortgage, was, therefore, false, and vitiated the mortgage as against creditors of Brown.

The $30 note was given under the following circumstances : Brown was under engagements to Melvin to do certain work upon a farm of Melvin, and he thought he could not do it unless Melvin should let him have money to hire men with. Melvin being unwilling that Brown should become more indebted to him unless the work was done, put the money into the hands of a third person, who gave his receipt therefor, and it was agreed between Brown and Melvin that when the work was half done, Brown should receive one half the money, and when it was finished he should have the whole ; it being understood, however, that if Brown could do all the work without the money, he should not receive it, and the note should be given up. Brown went on and did the work, and the money was paid to him according to the agreement, it being all paid to him before the 28th of August, 1852.

The defendants contended that this note, also, was not secured by the mortgage, and that the account rendered was therefore false.

They likewise contended that the mortgage was void, inasmuch as the plaintiff failed to show two valid notes, such as were described in the condition. And also that it could not be valid beyond the $79 note, if it could be for that, which they denied. There was no evidence that the plaintiff intended to give a false account of the amount secured.

The plaintiff, in his declaration, alleged that he was owner of the whole property, but the mortgage to him was for one undivided half only, and the defendants excepted, on the ground of a variance between the declaration and the proof. The plaintiff then moved to amend his declaration, if, in the opinion of the court, it were necessary ; and the court ruled that the amendment might be made upon terms, if, upon examination, it should be adjudged requisite so to do in order to sustain the suit.

The court overruled the several positions of the defendants, and saved their exceptions.

The jury returned a verdict for the plaintiff for $96.80, and interest from the date of the writ ; and the defendants moved to

Melvin *v.* Fellows.

set the same aside, and for a new trial, for alleged error in the rulings and decisions of the court.

*Pike & Barnard*, and *Butterfield & Hamlin*, for the defendants, contended that the plaintiff was not entitled to recover:

1. Because the mortgage to him was void against creditors, the $30 note being without consideration, and the affidavit that it was due and owing at the date of the mortgage, being false, and cited *N. H. Bank* v. *Willard*, 10 N. H. 210; *North* v. *Crowell*, 11 N. H. 255.

2. Because, if the falsity of the affidavit did not avoid the whole mortgage, it was void so far as concerned the $30 note, and that having been falsely included in the account rendered by the plaintiff to the sheriff, he could not recover, and on this point referred to the cases before cited, and to Comp. Statutes 471, sec. 18; *Webb* v. *Stone*, 4 Foster 282; *Robertson* v. *Stark*, 15 N. H. 112.

3. Because the plaintiff was improperly admitted to prove that the note for $67.25 was secured by the mortgage, no such note being described in the condition thereof.

4. Because the statute requires the parties to swear that the mortgage is made to secure the note described in the condition of the mortgage, and therefore no note not so described can be so secured.

5. Because the account rendered by the plaintiff was false in including the notes for $67.25 and for $30, as to neither of which was there any valid mortgage.

*Tappan* and *Flanders*, for the plaintiff.

The defendants contest the plaintiff's right to recover in this action, because they say that he rendered a " false account" of the amount secured by his mortgage.

On this ground two principal questions are raised by the case. 1. Whether the note mentioned in the mortgage as the $46.30 was sufficiently described; and, 2, whether the $30 was a valid note, and secured by the mortgage.

I. As to the first question, we say that the note was sufficiently described. The date was the same, the parties the same, and all the points of coincidence perfect with the one produced, except that the sum stated in the mortgage as the amount of the note was the amount of principal due, instead of giving the whole amount for which the note was given, and specifying the endorsement. At all events here was evidence, competent to be submitted to the jury, for them to find whether the note produced was the one intended to be secured by the mortgage. And it was competent also to introduce parol evidence for that purpose. All the particulars need not be stated in the condition. *Colby* v. *Everett*, 10 N. H. 432; *Johns* v. *Church*, 12 Pick. 557; *Hall* v. *Tufts*, 18 Pick. 460; *North* v. *Crowell*, 11 N. H. 251; *Trowbridge* v. *Cushman*, 24 Pick. 349; *Webb* v. *Stone*, 4 Foster 282; *Elliot* v. *Sleeper*, 2 N. H. 255; *Bank* v. *Willard*, 10 N. H. 210.

"Everything need not appear in the condition—there must be enough to enable a person on the evidence to determine what is intended, but need not embrace everything." " Where the note produced corresponds with that described in the mortgage, except as to the amount, the question is, whether points of coincidence are sufficient to afford a reasonable assurance that the note produced was the one intended," &c. *Boody* v. *Davis*, Sup. Court, Strafford Co., August T., 1848.

II. The $30 was a good and valid note. It was founded on a sufficient consideration. Admitting that the money did not, for the moment, go into the hands of Brown, it was still the " doing of an act at the request and for the benefit of the maker of the note," and this constitutes a valuable consideration. Story's Prom. Notes, sec. 186. The money passed out of Melvin's hands, and was, to all intents and purposes, Brown's. Melvin could not reclaim the money until it was ascertained that Brown did not want to use it. The transaction merely provided a way by which the note in a certain contingency was to be paid. There was nothing to prevent Melvin from suing the note and collecting it as soon as it was given. It was at the time a valid

transaction, and there is no pretence that it was done to defraud any one. The case expressly negatives fraud ; and at the time the property was attached by Fellows, and the demand for an account was made, every dollar had been paid over to Brown, and was due to the plaintiff, according to the exact tenor of the note. There was no evidence that the plaintiff intended to give a *false account* of the amount secured. The case finds that the whole thing was fair and above board, with no purpose or design of injuring or defrauding creditors. *Poor* v. *Haselton*, 15 N. H. 566 ; *Sanborn* v. *French*, 2 Foster 248.

III. The property was properly described in the writ. True, the mortgage was of " one undivided half of all the hay, corn," &c., on the farm then occupied by Brown. But the case finds that, of the property thus secured by the mortgage, the defendants sold of the same to the amount of ninety-six dollars and eighty cents ($96.80.) It was of Brown's half, as the case finds, that this amount of property was sold, and it was this that the plaintiff's mortgage covered. He was the owner of the whole property sold, and could declare properly in no other way. As to liability for selling the property of the mortgagee, see *White* v. *Phelps*, 12 N. H. 382.

FOWLER, J. Two questions have been chiefly discussed in the argument of this case ; first, the effect of the description of the note for $67.25, as being a note for $46.30, when that was in truth the amount of principal due upon it at the date of the mortgage ; an endorsement several months after its date having reduced it to that sum ; and secondly, the validity of the note for $30.00, under all the circumstances set forth as attending it.

The verdict must be considered as having established the identity of the $67.25 note with that described in the mortgage as for $46.30 ; and the only question, therefore, is, whether it was properly left to the jury to find that fact, notwithstanding the discrepancy between the note and the description of it, contained in the condition of the mortgage—in other words, whether the identity of a note, secured or claimed to be secured by a mort-

Melvin *v.* Fellows.

gage, must be determined solely by the description of it inserted in the condition of the mortgage, or other evidence may be adduced, and the question of identity submitted to the decision of a jury.

So far from there being anything in our statute, in relation to personal mortgages, making the description of a debt given in the condition thereof conclusive, the legislature seem to have contemplated the possibility of errors and mistakes, as well as of changes therein, by requiring the mortgagee, upon request made, to furnish a specific and detailed statement under oath of the amount due upon the debt or demand thereby secured. It cannot be possible that a mortgagee, who, when thereto required, shall make a true statement of the debt or demand secured by his mortgage and the amount due thereon, is to be subjected to the loss of his security, because some trifling discrepancy may exist between the description of his debt or demand in the condition of the mortgage, and the actual debt or demand, as stated by him under oath. If a jury shall find that he has truly stated the amount of the debt, actually secured and intended to be se cured by his mortgage, every principle of equity and justice require that he should not be deprived of the security which he has honestly and fairly acquired.

And the jury may properly find a note or demand to have been secured by mortgage, although it be not accurately described in the condition thereof. This has been repeatedly settled in our own and other States.

Where a note or obligation is offered in evidence, in connection with a mortgage, it is not necessary that all the particulars of it should be specified in the condition, in order to identify it as the note intended to be and actually secured by the mortgage. A general agreement with the description is sufficient, and parol evidence may be introduced to further identify it. *Webb* v. *Stone,* 4 Foster 287; *Robertson* v. *Stark,* 15 N. H. 109; *North* v. *Crowell,* 11 N. H. 251; *Colby* v. *Everett,* 10 N. H. 429; *Johns* v. *Church,* 12 Pick. 557; *Hall* v. *Tafts,* 18 Pick. 460; *Trowbridge* v. *Cushman,* 24 Pick. 314.

A debt may be secured by mortgage, where the original note has been taken up and a new one substituted therefor — the debt remaining the same, but the evidence of it being altogether changed. *Elliot* v. *Sleeper*, 2 N. H. 525; *Bank* v. *Willard*, 10 N. H. 210; *Pomeroy* v. *Rice*, 16 Pick. 22.

In the present case, then, the question was properly submitted to the jury to find whether the debt intended to be, and actually secured by the mortgage from Brown to the plaintiff, was the same debt evidenced by the note for $67.25, on which was endorsed the sum of $20.95, thus reducing the principal amount thereof to the sum of $46.30, as specified in the condition of the mortgage. It would have been entirely competent for them to have found this fact, from the general coincidence of the note produced with that described in the condition of the mortgage, if no other evidence had been offered. Having found it, their verdict is conclusive.

In the absence of fraud, which was expressly negatived by the finding of the jury, we see no reason to doubt the validity of the note for thirty dollars. It was given upon the consideration that the plaintiff, at the request of the maker, had placed cash to the same amount of the note in the hands of a third person, subject to the control and disposal of the maker, with an understanding that such control might not be exercised in a certain contingency, to be determined by the maker himself. This was a valuable consideration. It was an act done—an advancement of cash—a risk and responsibility assumed by the plaintiff, at the request and for the benefit of the maker of the note, and constituted a good consideration therefor. Story on Promissory Notes, sec. 186, and authorities; Comyn's Digest, Assumpsit, B, 1–15.

Nor was this a mortgage to secure future advances, within the legal meaning of that phrase. It was made to secure the note for thirty dollars, already in existence, given for a valuable consideration, and binding upon the maker. As there was no fraud, and Brown actually appropriated to his own use every dollar of the money, the advancement of which by the plaintiff, to be subject to his control, had formed the consideration of the note, long

before the defendants intermeddled with the mortgaged property, any legal or equitable grounds they have to complain of the transaction are not perceived.

As the case finds the property sold by the defendants and included in the mortgage to have been the same for which this suit was brought, there would seem to be no foundation for the suggestion of a variance between the declaration and proof, and therefore no occasion for any amendment. If the mortgage were of the mortgagor's undivided half of certain crops, and the defendants attached and sold that half of those crops, the plaintiff was entitled to claim and recover under the mortgage the value of all that was sold. But, as this objection was not alluded to by either of the counsel for the defendants in their arguments, it is presumed to have been abandoned.

As we are of opinion that the rulings and decisions of the court below were correct, there must be

*Judgment on the verdict.*