## JEWELL v. HOLDERNESS.

A petition for an increase of damages lies in the case of a highway laid out for the accommodation of an individual.

The town is not properly made party to such a petition, since the damages are by statute to be paid by the party for whose accommodation the highway is laid, and the notice of the petition should be given to such party.

PETITION of John Jewell, for increase of damages, alleged to have been sustained by him by reason of the laying out of a new highway over his lands in Holderness, by the selectmen of that town, on the 13th of December, 1856.

The petition alleged that said highway was laid out by said selectmen on the written application of James S. Piper and ——— Cox, describing the whole highway so laid out. It then described so much of the highway as was laid over the petitioner's land, by metes and bounds. It then alleged that said highway was asked for and laid out for the accommodation of said Piper and Cox, and made subject to the erection and maintenance of gates, and the damages assessed were awarded to be paid to the land owners by the petitioners, Piper and Cox; the damages so awarded to the petitioner being three dollars.

By order of the court the town of Holderness was notified that a hearing would be had on said petition, at May term, 1858, said petition having been entered at November term, 1857, and continued for notice. At said May term the town of Holderness appeared, and the petition was continued from term to term, until the May term, 1859, when the town moved to dismiss the petition for these reasons, among others: (1.) That the petitioners for the road, for whose accommodation it was laid out, were legally liable to pay the land damages, and should have been parties to the record, and not the town; and (2.)

that the statute in such cases had made no provision for the increase of damages beyond an award by the selectmen.

At the November term, 1859, the court ordered that the petition be dismissed as against the town. Thereupon the petitioner, Jewell, excepted, and moved for an order to summon in said Piper and Cox, and make them parties to the record. Jewell offered to show that in a warrant for a meeting of the inhabitants of Holderness, dated October 11, 1856, there was an article "To see if the town will vote to lay out a road," &c., and at the meeting holden in pursuance of said warrant it was "voted to instruct the selectmen to lay out the road mentioned," &c., and to show that the road thus referred to in the warrant and vote was the same described in the petition before the court. This offer was made for the purpose of showing that the town had properly been made a party to this petition, but the court declined to admit the evidence, and the petitioner excepted; and the exceptions were reserved for determination at the law term.

*Stone & Burrows*, for the petitioner.

*Pike & Barnard*, for the town.

BELL, C. J. We have been furnished with a copy of the opinion of *Gilchrist*, J., in the case of Eames' Petition, Grafton, December term, 1844, in which it was decided that the law providing for applications for an increase of damages, assessed by selectmen upon the laying out of highways, before the Revised Statutes, did not extend to cases in which the highway was laid out for the accommodation of individuals. Though the decision was made some years after the passage of the Revised Statutes, it was held that the case must be governed by the statutes previously in force, as the rights in question were acquired under those statutes.

Jewell *v.* Holderness.

The section of the Revised Statutes now in force is beyond question a revision of the statute previously in force; and unless there is found in the revision such a change of the language as to indicate a clear intention to change the law, it is an established legal doctrine that the previous construction of the statute, as settled by the courts of law, is adopted. *Tomson* v. *Ward,* 1 N. H. 9. The construction will not be changed by such alterations as are designed to render the provisions more concise. *Moores* v. *Bunker,* 29 N. H. 420; *Crowell* v. *Clough,* 23 N. H. 209; *Sloane* v. *Bryant,* 28 N. H. 67. Where the law, antecedently to. the revision, was settled either by clear expressions in the statutes, or adjudications on them, the mere change of phraseology shall not be deemed a change of the law, unless such phraseology evidently purports an intention of the Legislature to work. a change. *Burnham* v. *Stevens,* 33 N. H. 256, and cases there cited.

By the statute of 1829 (Laws of 1830, 574, sec. 5), " any person who may think himself aggrieved by the selectmen of any town, in assessing the damages done to him by any new highway, as aforesaid, may apply by petition to the court of common pleas for redress, and the said court, due notice having been first given to the selectmen, shall inquire into the same by a committee, and shall order such redress as justice may require, and may order either of the parties to pay costs, as they may think just; and may issue execution for the damages and costs against the town, or for costs in favor of the town and against the party making the application."

By the Revised Statutes (ch. 50, sec. 9), " if any person shall think himself aggrieved by the assessment of damages, made by the selectmen, he may, within one. year after such road is opened, petition the court of common pleas for redress, and the said court, after due notice to the town and others interested, may award such damages

as may be just, and costs to either of the parties, in their discretion, and issue execution therefor."

In the decision of Eames' Petition, stress is chiefly laid upon the provision, that notice should be given to the selectmen, who clearly should be notified, if redress is sought against the town, but who have no interest in the proceeding against an individual; and that no notice is required to be given to the person for whose accommodation the road is laid, and who is alone liable for any increased damages; as showing that the redress in such case was designed to be confined to the case where the damages recovered are to be paid by the town.

The same conclusion is drawn from the fact that the execution for damages and costs is authorized to be issued against the town, which would be unjust in the case of roads laid out for private accommodation; and that there is no provision for any execution against the person accommodated, as would be both just and necessary, if it was designed that the remedy should reach cases of that class.

Now, upon a comparison of the old and new statutes, it would seem that the language of the new statute is wholly changed in relation to these particulars. Notice is to be given to the town and others interested. Damages and costs may be awarded to either of the parties, and execution issued therefor. These changes clearly show that the remedy could not be intended to be confined to the case of towns alone, but was intended to apply to all cases where any person should think himself aggrieved by the assessment of damages as made by the selectmen. The provision of the old statute, deemed by the court to be special and limited to one class of cases, is in the new manifestly made general, and applicable to all cases. In Eames' Case the judge recites the provisions of the Revised Statutes, not to show that they admit or require the same construction as the old statutes, but for the purpose of showing that the case must be governed

Jewell *v.* Holderness.

by the old law, which would be a matter of little consequence if the construction of both was the same.

We are, therefore, of the opinion that this case is not governed by the decision upon Eames' Petition, and that the plaintiff, under the Revised Statutes, has his remedy by this proceeding against the party adversely interested, who can be no other than Piper and Cox, on whose application and for whose accommodation this new highway was laid out. The town was not interested, and was in no event liable, and should not have been notified. It would seem that a very little consideration would have shown that the notice to the town and others *interested* could not require notice to a town, which was not interested in any way. The proceeding as to the town was therefore properly dismissed. How it has happened that the case, as to Holderness, has for this long time been kept pending in court, is not apparent; and as the case ought to have been dismissed, as to them, at the first term, it seems a case where the costs should be closely limited.

Piper and Cox should have been at once notified of this petition, and the order of notice may be properly made now, upon its being satisfactorily explained by affidavit why notice was not long since given, upon condition that no costs shall be taxed to the present time.

The offer to show proceedings of the town of Holderness, relative to this highway, was properly refused. It had no legitimate bearing upon any question before the court. The town had no right to give any instructions upon the subject, and the selectmen, consistently with their duty or their oaths, could pay no attention to such instructions.

*Orders of court affirmed.*