BENTON v. SUMNER.  { March 22, 1876.

*Mortgage— Condition— Certainty of description.*

57   117
68   380

The defendants' testate executed a mortgage to the plaintiffs, with a proviso that the same should be void if he should indemnify them against loss by reason of their having endorsed for him certain notes "now payable, and at the bank of Newbury, Vermont," also, "now payable, and at the bank at St. Johnsbury, Vermont." *Held,* that parol evidence was admissible to show what notes had been indorsed by the mortgagees, and intended to be secured by the mortgage, and subsequently paid by them.

FROM COÖS CIRCUIT COURT.

WRIT OF ENTRY, on a mortgage. The plaintiffs introduced a mortgage to them, dated December 29, 1870, duly executed and recorded. The condition in the mortgage is ·as follows : " Nevertheless it is to be considered, and the condition of the foregoing deed is, that if said first-named grantors, their executors and administrators, shall well and truly indemnify said Benton and Whidden against all loss, cost, and damage, and expense they or either of them may be subjected to by reason of signing and endorsing the notes for said James B. Sumner, now payable, and at the bank of Newbury, Vermont, and also for signing and endorsing the notes for said Sumner, now payable, and at the bank at St. Johnsbury, Vermont, all which is done at the request and for the benefit of said James B. Sumner ; and it is hereby agreed and understood that this mortgage is made to indemnify, as aforesaid, said Benton and Whidden, or either of them, against all loss, cost, expense, and damage that may happen to them, or either of them, for signing as surety for said Sumner in any case; then the foregoing deed is to be void and of no effect, otherwise to remain in full force and virtue."

The plaintiffs then offered evidence tending to show what notes had then been signed by them for the mortgagee, and which were intended to be secured by the mortgage, and which they had subsequently been compelled to pay.

To this evidence the defendants objected, and contended that the condition was indefinite, and that the evidence was inadmissible for the purpose offered ; but the court overruled the objection, and the defendants excepted. If, in the opinion of the court, the evidence offered was admissible, the defendants are to become defaulted, and a commissioner is to be appointed to assess the damages ; but if the evidence was not admissible, and the objection of the defendants is sustained, then the plaintiffs are to become nonsuit.

The mortgagor is dead, his estate is insolvent, and the defendants

are in possession of the mortgaged premises, under the executors of the mortgagor.

The questions of law arising on the foregoing case were transferred by STANLEY, J., C. C.

*Whidden, Ray, Drew & Heywood*, and *Benton*, for the plaintiffs.

*G. A. Bingham* and *Carpenter*, for the defendants.

SMITH, J.  Unless the statute of 1829, in regard to mortgages, has been changed by subsequent legislation, the question presented in the case now before us has been settled in this state.  *Bassett* v. *Bassett*, 10 N. H. 64 ; *Boody* v. *Davis*, 20 N. H. 140.  The provisions of that statute, and of the General Statutes, are as follows :

| ACT OF JULY 3, 1829. | GEN. STATS., 1867. |
|---|---|
| " No title, or estate in fee-simple, fee-tail, for term of life, or any lease for more than seven years from the making thereof, of any lands, tenements, or hereditaments in this state, shall be defeated, or incumbered, by any agreement whatever, unless such agreement or writing of defeasance shall be inserted in the condition of said conveyance, and become part thereof, stating the sum or sums of money to be secured, or other thing or things to be performed." Laws of 1830, p. 488. | " No conveyance in writing of any lands shall be defeated, nor any estate incumbered by any agreement, unless it is inserted in the condition of the conveyance and made part thereof, stating the sum of money to be secured, or other thing to be performed."    Gen. Stats., ch. 122, sec. 2. |

The above section of the General statutes is in the exact language of the Rev. Stats., ch. 131, sec. 2, enacted in 1842, only thirteen years subsequent to the passage of the act of 1829.

It is contended by the defendants that the statute should be read distributively, as if it read, " no conveyance in writing shall be defeated by any agreement," &c. ; " nor shall any estate be incumbered by any agreement," &c.,—that is, that a deed absolute on its face conveys an indefeasible estate, but a deed, purporting on its face to be a mortgage, conveys nothing, and does not incumber the estate.

It is quite clear that the act of 1829 was not materially changed, in this respect, by the language adopted in the Revised and General Statutes.  The expression, " no conveyance in writing of any lands shall be defeated, nor any estate incumbered, unless," &c., does not admit of a construction different from that which comes from the expression, " no title or estate * * of any lands * * shall be defeated or incumbered by any agreement whatever, unless," &c.  The legislature, in the revision of the statutes in 1842, changed somewhat the language of the former statute, using fewer words, thereby stating their intent more concisely, but nevertheless preserved the sense of the language originally employed.

It is well settled that the construction of a statute will not be changed by such alterations as are designed to render the provisions

more concise. Where, before the revision of a statute, its construction had been settled either by clear expressions in the statute, or by adjudications on them, the mere change of phraseology will not be deemed a change of the law, unless such phraseology evidently purports an intention of the legislature to work a change. *Jewell* v. *Holderness*, 41 N. H. 163, and authorities there cited.

In *Bassett* v. *Bassett*, *supra*, decided in 1839, a deed, containing a condition, that, if the grantor should comply with the condition of a bond executed by him at the same time the deed was executed, the deed should be void, was held valid as a mortgage, although the sum to be paid, or the matters to be performed, were not particularly set forth in the deed. PARKER, C. J., in delivering the opinion of the court, remarked,—" We are satisfied that this conveyance may well be held to be a mortgage, notwithstanding the statute. Had the legislature had in view cases like the present, where there is a condition apparent on the face of the conveyance itself, but which is not inserted at large in the deed, they would doubtless have enacted that such conveyances should be void, and no title derived under them, instead of providing that the title should not be incumbered by a condition thus apparent to some some extent upon the face of the title itself."

*Boody* v. *Davis*, *supra*, decided in 1849, was a writ of entry upon a mortgage executed in 1836, and so coming within the provisions of the act of 1829. WILCOX, J., said,—" The condition in this case is, to indemnify the demandants against a note signed by certain persons. A note is produced signed by those persons, and it is shown that no other note ever existed signed by those persons. Can there be any reasonable doubt of the intent; or would the case have been any stronger if the condition had also stated the amount and date of the note ? If, indeed, it had appeared that other notes existed, answering to the description given, then the question would arise, whether parol evidence was admissible to show which was intended, or whether the whole would be void for uncertainty. But only one note existing of the kind described, the presumption must necessarily be that it is the one intended."

In *Cushman* v. *Luther*, 53 N. H. 563, two notes were described in the condition of a mortgage as being for $150 each. One note produced in evidence was for $150, and the other for $200 ; but in all other respects they corresponded with those described in the mortgage. It was held that parol evidence was admissible to show that those two notes were the ones which the parties in good faith intended to secure by the mortgage, and upon its so appearing, such a mortgage would be a valid instrument to secure both notes.

In *Melvin* v. *Fellows*, 33 N. H. 401, FOWLER, J., remarked, on page 408,—"Where a note or obligation is offered in evidence in connection with a mortgage, it is not necessary that all the particulars of it should be specified in the condition in order to identify it as the note intended to be and actually secured by the mortgage. A general agreement, with the description, is sufficient ; and parol evidence may be introduced to further identify it ; "—see, also, authorities there cited.

In *Boody* v. *Davis*, it was held that where the deed is sufficient to pass a fee-simple, the estate cannot be defeated, unless there is something in the condition sufficient to defeat it. In such case the demandant, by counting generally upon his own seizin in fee-simple, would be entitled to recover, and the tenant would be without remedy at law. In that case, as in this, the tenant asked that the deed might be held void, because the condition was not expressed with sufficient certainty, and was not what he supposed the statute required; " whereas the statute provides, not that the deed should be void, but that it should be absolute, in the supposed case of an insufficient condition. The statute provides that the condition should be void, and the conveyance absolute."

In *North* v. *Crowell*, 11 N. H. 251, the condition of the mortgage was, to pay the mortgagees $50 in sixty days, " meaning and intending the legal claims and demands they have against me." GILCHRIST, J., said,— " We think the proper construction of the condition is, that the sum to be secured is the amount actually due, not exceeding $50.   *   *   If the condition had been only to secure the payment of ' $50 in sixty days from the date hereof,' no question would have arisen as to its meaning; and we do not conceive that the addition of the words ' meaning and intending the legal claims and demands they have against me,' at all increases the difficulty of understanding its meaning, or has any particular tendency to mislead creditors."

In *Webb* v. *Stone*, 24 N. H. 282, BELL, J., said, p. 286,—" Substantial correctness, such as may prevent mistake or uncertainty as to the debt intended, is all that has ever been required. The ordinary rules applicable to the description of persons or property, apply to the description of the debt. If necessary, in order to understand what person or thing is meant, courts inquire into all the circumstances of the case, and comparing the description given with all the matters to which it might apply, or might be supposed to apply, if they find no reasonable doubt as to the person or thing intended, any errors of description in relation to details are disregarded; and where a part of the description, instead of being merely defective and imperfect, is actually incorrect and untrue, the court simply reject the incorrect parts, and are governed by the residue.   *   *   When a note or other obligation is offered in evidence in connection with a mortgage, it is not necessary that all the particulars of it should be specified in the condition in order to identify it as the note intended to be secured by the mortgage. It will be sufficient if it is so far described that it appears with reasonable certainty to be the note intended to be secured by the mortgage."

In *Cushman* v. *Luther*, 53 N. H. 565, SARGENT, C. J., commenting upon the fact that a mortgage with a proviso such as was found in *Bassett* v. *Bassett*, was held a good mortgage under the act of 1829, adds,—" it would not be under our present law." This remark was evidently not called for in the decision of that case. The views of the learned judge on the subject of the statute of 1829 may be seen in

his opinion, delivered in *Kingsley* v. *Holbrook*, 45 N. H. 321, where, in comparing the act of 1829 with the Revised Statutes, he said,—" There was evidently no intention to change this statute in the revision, and its terms are clearly broad enough in the original act, and must have been intended to cover a case like this."

Applying these principles to the case before us, there is no difficulty in understanding what " other thing was intended to be performed " in the condition of this mortgage.   The agreement of the defendants' testate was, to indemnify the plaintiffs against any loss, cost, damage, and expense by reason of their " signing and endorsing the notes for said James B. Sumner, now payable, and at the bank of Newbury, Vermont, and also for signing and endorsing the notes for said Sumner, now payable, and at the bank at St. Johnsbury, Vermont," &c. The plaintiffs do not claim to be indemnified against any other notes than those that were held by each of the above banks at the time of the execution of their mortgage, which they had signed and endorsed for said Sumner, and have since been compelled to take up.   There is no dificulty in ascertaining what those notes were, nor in completely identifying them.   Upon the authority of the above decisions, parol evidence is admissible to identify and explain what notes were intended ; and, unless the numerous decisions of this state are to be overruled, this mortgage must be held a good mortgage to secure such notes as the plaintiffs had endorsed for said Sumner, then lying in either of said banks.

But it is contended that, although the condition inserted in this mortgage might be held good between the original parties, yet, as between the mortgagees and the creditors of Sumner, it must be held insufficient, because it gave the creditors no information as to the exact amount of incumbrance intended to be created by the deed.   But this objection is not well taken.   The condition informed every one that the mortgage was given to indemnify the plaintiffs against loss or damage by reason of their having signed or endorsed certain notes for Sumner in both of said banks.   The maxim, *id certum est*, &c., would apply, and any attaching creditor, upon demand upon the mortgagees, could obtain precise information what those notes were, or of the amount secured by the mortgage.

It is further objected, that if the agreement is so imperfectly set out in the condition that the mortgage, as between the plaintiffs and Sumner, must be held to take effect as an absolute deed, yet, as between the plaintiffs and Sumner's creditors, it is void on the ground of fraud.

As we have found that the agreement is sufficiently set out in the condition, it is unnecessary to consider this objection.

CUSHING, C. J.   The objection made by the defendants to the plaintiffs' mortgage is, that the incumbrance designed to be created is not stated with sufficient fulness and certainty.   The cases of *Bassett* v. *Bassett*, 10 N. H. 64, *New Hampshire Bank* v. *Willard*, 10 N. H. 210, and *Boody* v. *Davis*, 20 N. H. 140, are the principal authorities on this

point. In *Bassett* v. *Bassett* and *Bank* v. *Willard* the condition of the mortgage was, to secure the payment of a bond. The condition of the bond was not set out in either case, but that was held no objection. In *Bank* v. *Willard* the condition of the bond was very similar to the condition in this mortgage, and it was necessary to show by parol what the particular notes were against which the plaintiff was to be indemnified.

It is true, the defendants suggest a different construction of a certain portion of the clause in the statute under consideration, and maintain that by the words " no estate shall be encumbered," is to be understood, the grantor shall not encumber his estate " unless the agreement," &c. But whichever way it is taken, the particular words which we are called upon to construe are the same, and must receive the same construction. The question what would be a sufficiently definite statement of the claims intended to be secured would still be determined on the same principles, and governed by the same authorities.

It is further objected, that the terms of the condition of the mortgage, in the present case, are broad enough to include as well indemnity for future as for past advances. The same objection was made to the condition of the bond in *Bank* v. *Willard*, but it was held that the mortgage, though bad as far as future advances were concerned, was good for the rest.

On the whole, then, unless the cases cited are to be overruled, for which there seems to be no occasion, the evidence objected to was rightly received, and, according to the provisions in the case, the defendants must be defaulted and a commissioner appointed.

LADD, J. I think the evidence offered, to show what notes had been signed by the plaintiffs at the time the mortgage was executed, which came within the terms of the condition, was properly received, and the exception should be overruled. The thing to be performed by the mortgagor is distinctly stated in the deed, namely, to indemnify the mortgagees against loss, &c., by reason of having signed and indorsed notes which were at that time in the bank of Newbury. The notes themselves were not particularly described; that is, their number, dates, and amount were not given. But the thing to be done was, nevertheless, stated; and if any creditor or other person had an interest or right to know the amount of the notes, when they came due, how much the mortgagees had been compelled to pay on them, the law provides ample means whereby they might gain such information. If there is any lack of definiteness or certainty in the condition in this particular, I think it is a case where the maxim, *Id certum est quod certum reddi potest*, applies. Besides, if this condition should be held void for uncertainty, I see no way to avoid the conclusion that the deed must take effect as an absolute conveyance. I do not think it possible to put upon the Gen. Stats., ch. 122, sec. 2, a construction that will nullify a deed executed with all the formalities required by law, because the parties intending to insert a condition, or defeasance, have

failed to do so, and only inserted words which must be held to be of no effect by reason of their uncertainty.

Defendants to be defaulted, and a commissioner appointed.

*Exceptions overruled.*